**TEXAS LIQUOR CONTROL BOARD et al.,**
Appellants,

v.

**V. E. BERRY, Appellee.**

No. 13100.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 23, 1957.

Rehearing Denied Feb. 20, 1957.

See, also, 293 S.W.2d 279.

Hubert W. Green, Jr., Dist. Atty., Morris Riley Edwards, Asst. Dist. Atty., K. Key Hoffman, Asst. Dist. Atty., San Antonio, for appellants.

Leonard Brown, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

V. E. Berry, on February 8, 1956, filed an application for a retail dealer's beer license for the sale of beer and wine on the premises at 121 Soledad Street, City of

San Antonio, Bexar County, Texas. On February 15, 1956, a hearing was had before Hon. Charles W. Anderson, County Judge of Bexar County, Texas, upon the application and it was in all things denied. V. E. Berry perfected an appeal to the District Court of Bexar County, where the order of the County Judge was reversed and judgment entered granting the application. The State of Texas, on behalf of the Texas Liquor Control Board, has prosecuted an appeal from the judgment of the District Court to this Court.

The Assistant District Attorney stipulated with the attorney for appellee that he was seeking to defeat appellee's application for a beer license under Art. 667–5, subsections 2(c) and 2(g), Texas Penal Code. The relevant provisions of said article read as follows:

"Art. 667–5. Application for license

"Any person may file an application for a license as a Manufacturer, Distributor or Retail Dealer of beer in vacation or in termtime with the County Judge of the county in which the applicant desires to engage in such business. The County Judge shall refuse to approve the application for such license if he has reasonable grounds to believe and finds any of the following to be true: * * *

"2. If a Distributor or Retailer: * * *

"(c). The place or manner in which the applicant for a Retail Dealer's License may conduct his business is of such nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license; or * * *

"(g). The applicant is not of good moral character, that his reputation for being a peaceable, law-abiding citizen in the community where he resides is bad; * * *."

■ It is freely admitted by both sides that the substantial evidence rule as set forth in Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, is applicable in this case. Therefore, if there was substantial evidence to sustain the County Judge in his judgment refusing to issue the license his action in so doing should be sustained by this Court.

■ We will first consider whether there was substantial evidence to justify a denial of the license under said Subsection 2(g). Three witnesses testified that the general reputation of V. E. Berry in the community in which he resides, as being that of a peaceable law-abiding citizen was bad. Each of these witnesses first testified that he knew the general reputation of V. E. Berry in the community in which he resided, which qualified them to testify as to whether that reputation was good or bad, and they each thereafter testified that such reputation was bad. On cross-examination each of these witnesses gave testimony which might tend to discredit their testimony and to lessen its weight, but the weight to be given to the testimony was a matter to be passed upon by the trier of facts. The fact that these witnesses gave testimony that might lessen the weight of their testimony did not prevent it from being substantial evidence in the first place.

The Chief of Police of San Antonio, the representative of the Texas Liquor Control Board, and the Assistant District Attorney handling the case, each recommended that the license not be granted.

Art. 667–6(d), Penal Code, provides, among other things, as follows:

"(d) * * * In the granting or withholding of any license to sell beer at retail, the county judge in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his

business and to any recommendations made by representatives of the Board."

Appellee placed upon the witness stand three witnesses who testified that his general reputation in the community in which he resided was good, but this testimony only contradicted that given by the character witnesses against him and in no way rendered the former evidence incompetent.

■ In view of the testimony of the credible witnesses who testified, in effect, that applicant's general reputation for being a peaceable, law-abiding citizen in the community in which he resided was bad, and in view of the further fact that the Chief of Police, the Representative of the Texas Liquor Control Board and the Assistant District Attorney in charge of the matter, all three recommended that the application for a retail beer dealer's license not be granted, we conclude that there was substantial evidence to sustain the action of the County Judge in refusing the application.

The County Judge, in refusing the application, rendered the following order:

"On this the 15th day of February, A.D.1956, came on to be heard the foregoing application and it appearing to the County Judge that due and legal notice was given as required by law; and after having heard the evidence and argument it further appearing that the facts as set forth in the application are true and that a lawful reason exists to warrant the denial thereof:

"It is therefore the order and judgment of the Judge that said application be in all things denied.
Charles W. Anderson
County Judge, Bexar County, Texas."

Appellee contends that inasmuch as he had stated in his application that he was a law-abiding citizen, the effect of the County Judge's order was to find that he was a law-abiding citizen. The County Judge in making this order simply filled in a blank form but he filled in the district court findings of fact in detail, one of which reads as follows:

"That testimony was presented, that the applicant was not of good moral character, that is, his reputation for being a peaceable, law-abiding citizen in the community where he resides is bad since the applicant had plead guilty to offense of gaming on August 3rd, 1955, in County Court at Law No. 2 of Bexar County, and paid a $500.00 fine, further witnesses present for State testified that the applicant's reputation for being a law-abiding citizen in the community where he resides, warrants a refusal of license."

■ Appellee objects to this Court's consideration of these findings because they were not filed in the County Court. We overrule this contention. A County Judge in passing upon an application for a retail dealer's beer license does not act as a court, but as an administrator, and we know of no rule that requires such an administrator to file his findings of fact in the County Court records before they can be considered by us. These findings were filed in the District Court and are in the transcript filed in this Court.

Accordingly, the judgment of the district court granting the application for a retailer's beer and wine license is reversed and the order of the County Judge refusing the application is affirmed.