Rafael HERNANDEZ, Appellant,

v.

The TEXAS LIQUOR CONTROL BOARD,
Appellee.

No. 13401.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 22, 1958.

Richard Pena, San Antonio, for appellant.

Hubert W. Green, Jr., Garland G. Wier, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a judgment of the District Court affirming an order of the County Judge of Bexar County, Texas, denying appellant's application for a beer and wine license to operate at 1834 South Hackberry Street in San Antonio, Texas. The case involves the substantial evidence rule.

Appellant's application was contested by certain citizens residing in the vicinity of appellant's place of business. Appellant predicates his appeal on the point that the order of the County Judge and the judgment of the District Court are arbitrary and capricious.

Appellant in his application stated that the owner of the building at 1834 South Hackberry Street, in which he proposed to operate his business, was Arthur Hernandez, and that possession of this property was to be acquired by the appellant by lease from Arthur Hernandez. On the trial appellant testified that he purchased this building in January, 1957. When this contradiction was called to his attention he stated that it was a partnership affair, and later testified that the title to the property was in the name of his father, Arthur Hernandez.

Article 667–5, Vernon's Ann.Texas Penal Code, provides:

"3. The County Judge may refuse to issue a Distributor's or Retailer's License to any applicant if he has rea-reasonable grounds to believe and finds

any of the following to be true:
\* \* \*

"(d) The applicant has failed to answer or has falsely answered or has incorrectly answered any of the questions in his original or renewal application."

It is obvious from his own testimony that appellant at least incorrectly answered the question as to the ownership and status of the property.

Said Art. 667–5, further provides:

"Application for license \* \* \* The County Judge shall refuse to approve the application for such license if he has reasonable grounds to believe and finds any of the following to be true: \* \* \*

"2. If a Distributor or Retailer: \* \* \*

"(c). The place or manner in which the applicant for a Retail Dealer's License may conduct his business is of such nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license."

The evidence in this case shows that Page Junior School, with more than 1200 children from eleven to fifteen years of age, occupies the entire second block on Berkshire Place, that there is only a short block between the school and Hackberry Street and where appellant's place is located; that there are three or four bus stops in the immediate vicinity of appellant's place, and children coming from north, south and east get off the buses at these stops in the morning and wait there for the buses in the afternoon. The evidence also shows that children from the school frequent the place, which is operated as a cafe, to buy their noon lunches. The evidence further shows that the building in which appellant operates his business is set back from the street affording perpendicular parking, and that the patrons in backing out necessarily block one and at times two lanes of traffic.

It is also provided in Article 667–6(d) that the County Judge in acting on such applications and "in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board."

■ It appearing that the District Attorney and two representatives of the Liquor Control Board recommended that the license be refused, the County Judge was authorized to consider these recommendations. Texas Liquor Control Board v. Berry, Tex.Civ.App., 298 S.W.2d 853.

■ The burden is on appellant to show that the order of the County Judge is not supported by substantial evidence. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Texas Liquor Control Board v. Armstrong, Tex.Civ.App., 300 S.W.2d 146. Considering the evidence as a whole, we believe the order of the County Judge is supported by substantial evidence.

The judgment is affirmed.