FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF CITY OF SAN ANTONIO et al., Appellants,

v.

Wilton SHAW, Appellee.

No. 13211.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 25, 1957.

Rehearing Denied Oct. 23, 1957.

Carlos C. Cadena, City Atty., Mayo J. Galindo, Asst. City Atty., San Antonio, for appellants.

Joe Burkett, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by the Firemen's and Policemen's Civil Service Commission of the City of San Antonio and others, from a judgment of the District Court of Bexar County, setting aside the suspension of Wilton Shaw as a lieutenant in the San Antonio Police Department by said Civil Service Commission, and ordering him returned to duty with full back pay for the time he had been suspended.

Shaw was suspended indefinitely by Chief of Police George W. Bichsel, for certain alleged irregularities arising during Shaw's tenure as head of the vice squad of the City of San Antonio. His notice of indefinite suspension read as follows:

"July 20, 1956

"Mr. Wilton Shaw
San Antonio Police Department
San Antonio, Texas

"Fire and Police Civil Service Commission
City Hall
San Antonio, Texas

"Dear Sir:

"You are suspended indefinitely without pay from your position as Lieutenant in the San Antonio Police Department effective July 21, 1956. The undersigned recommends to the Fire and Police Civil Service Commission that you be dismissed from your position.

"This action is taken pursuant to Article 1269m of the [Vernon's] Revised Civil Statutes of Texas. You are charged with violations of the Personnel Rules of the City of San Antonio, and the Rules and Regulations for the San Antonio Police Department which constitutes grounds for your suspension and dismissal. The particular rules you are charged with violating and the acts constituting the violations are as follows:

"Rule XX, Section 120 of the Personnel Rules of the City of San Antonio and Section 2 of the Rules and Regulations for the San Antonio Police Department provide that acts of employees whose conduct was prejudicial to good order constitute grounds for suspension and dismissal.

"You are charged with conduct prejudicial to good order in that:

"1. On or about January 28, 1956, you ordered and directed a raid by police officers on various pinball machines within the City of San Antonio with the intent and design of discriminatorily enforcing marble tables

enforcement laws against one Stuart Armstrong.

"2. On or about February 14, 1956, you ordered Detectives Oliver Blumberg and Dave Alsbury, subordinate officers in the Vice Squad of the San Antonio Police Department, of which you were then in charge, to cease and desist from further enforcing laws against gaming machines of the marble table variety, commonly known as pinball machines.

"3. In that on or about February 26, 1956, you were asked by George W. Bichsel, Chief of Police of San Antonio, whether you had given orders to any subordinate vice officers to stop marble table enforcement. You denied to the aforesaid Bichsel having given such order as herein alleged when in fact you knew that such denial was false.

"Rule XX, Section 120, of the Personnel Rules of the City of San Antonio and Section 2 of the Rules and Regulations for the San Antonio Police Department provide that acts of incompetency by an employee constitute grounds for suspension and dismissal.

"You are charged with acts of incompetency in that:

"1. On or about February 14, 1956, you ordered Vice Detectives Oliver Blumberg and Sergeant Robert Perez to make investigations into alleged prostitution and gambling activities beyond the City limits of the City of San Antonio.

"2. In that on or about March 22, 1956, after having been requested to do so, you failed to give a proper accounting to Captain W. A. Cain of the San Antonio Police Department of pinball machines that had been confiscated by vice officers.

"Rule 36 of the Rules and Regulations for the San Antonio Police Department provide in part that 'officers finding evidence of any character shall mark it carefully in at least one place and shall describe such mark and its location in his report. All physical evidence must be properly marked and turned in properly tagged at the Complaint Desk or Property Room, after listing in the Physical Evidence Book.'

"You are charged with violating Rule 36 of the Rules and Regulations for the San Antonio Police Department in that:

"1. On or about January 28, 1956, you failed to properly list on the Physical Evidence Book and properly tag at the Complaint Desk or Property Room twenty marble machines confiscated in a raid on marble table establishments on the aforesaid date.

"You may appeal from your indefinite suspension by requesting in writing, within ten days, not including Sundays and Holidays, a hearing before the Fire and Police Civil Service Commission.

"Very truly yours,
George W. Bichsel
Chief of Police"

At a hearing before the Fire and Police Civil Service Commission of the city this suspension was reduced to a period of eight months. Shaw appealed from this order to the District Court of Bexar County.

Appellants contend that the trial court erred in setting aside the finding of the Firemen's and Policemen's Civil Service Commission of the City of San Antonio, to the effect that appellee, Shaw was guilty of conduct prejudicial to good order in ordering vice detectives Dave Alsbury and Oliver Blumberg to cease and desist from further enforcement of laws against marble table machines, and in denying to Police Chief Bichsel that he had given such orders, knowing at the time that such denial was false.

■ The Civil Service Commission having upheld these charges it was the duty of the trial court to sustain and not set aside such findings, if they were reasonably supported by substantial evidence. Texas Liq-

uor Control Board v. Armstrong, Tex.Civ. App., 300 S.W.2d 146; Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424.

There is no contention here but that the so-called "substantial evidence rule" applies, the only controversy along this line seems to be, what is the "substantial evidence rule," and just how is it applied in cases of this nature?

■ When a district court reviews the findings of a commission such as we have here, it sits as an appellate court and is bound by the findings of the commission, if such findings are reasonably supported by substantial evidence. Simpson v. City of Houston, Tex.Civ.App., 260 S.W.2d 94, 95; City of Waco v. Akard, Tex.Civ.App., 252 S.W.2d 496; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73.

■ In applying the substantial evidence rule the court considers all of the evidence and may evaluate such evidence, but does not pass upon the preponderance of the evidence. Texas Liquor Control Board v. Johnson, Tex.Civ.App., 298 S.W.2d 227.

In Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 183, Justice Calvert, speaking for the Supreme Court of Texas, said:

"Although the application of the substantial evidence rule to judicial review of purely administrative decisions is of relatively recent origin in our jurisprudence (See The Administrative Law of Texas, 29 Tex.Law Rev. 226), the decisions of this court have now fairly well marked out its basic features. The administrative agency is the fact-finding body and the question to be determined by the courts is strictly one of law. Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420; Trapp v. Shell Oil Co., Inc., 145 Tex.

323, 198 S.W.2d 424. Furthermore, the question must be determined by the courts from a consideration of the entire record in the case as that record has been made in the trial court. Trapp v. Shell Oil Co., Inc., supra, 198 S.W.2d at page 440; Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202. The test is not whether the evidence admitted in court preponderates against the administrative decision, Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420, nor yet whether there is merely some evidence to support the decision. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338. The test is whether the administrative decision finds *reasonable* support in *substantial* evidence. Hawkins v. Texas Co., supra, 209 S.W. 2d at page 340, Jones v. Marsh, supra. With this test in mind it becomes our duty, as it was the duty of the courts below, to evaluate the evidence in this case."

■ With the rules above stated in mind, let us now examine the testimony in this case. Lt. Wilton Shaw was in charge of the vice squad of the San Antonio Police Department. Detectives Oliver Blumberg and Dave Alsbury were members of the vice squad and working under Shaw. Prior to February 1, 1956, these two detectives had picked up a number of marble machines. Blumberg testified at the trial that on or about February 1, 1956, he heard the remark at the Frank K. Cafe, at 111 Concho Street in San Antonio, that one Jimmy Smith, a pinball machine operator, had protection from the vice squad. Blumberg related this conversation to Lt. Shaw and offered to bring Smith in to confirm this report. Lt. Shaw declined this offer. Blumberg further testified that thereafter, between February 2 and 9, 1956, Blumberg and Alsbury picked up pinball machines at the Tolusa Cafe, Rio Rosa Bar, Frank K. Cafe, Continental Hotel Cafe, and the Coney Island Restaurant. On February

14, 1956, Blumberg received a notice from the police dispatcher for him to call a certain number, this he did, and learned that one Ken Kuwamura, a Japanese proprietor of the Frank K. Cafe was the party calling. He went to see Kuwamura personally and was informed that Jimmy Smith was willing to bet $1,000.00 that he, Blumberg, would pick up no more pinball machines. An hour later Blumberg was told by Lt. Shaw that there were enough machines in storage and that he didn't want any more machines picked up. Blumberg then asked about machines that had no city or Federal stamps, and was told by Shaw, "Let the City Hall worry about that." Blumberg then inquired about machines where complaints were made that newspaper boys were playing them, and again he was told to leave them alone. Then Shaw said, "Do I make myself clear, I don't want any more machines picked up." Blumberg was told to convey this message to Detective Alsbury, which he did.

Lt. Shaw took the witness stand in his own behalf and admitted the conversation with Blumberg, but said the instructions related only to picking up pinball machines at the Frank K. Cafe and the Coney Island Restaurant. Shaw had heard that Blumberg and Alsbury were receiving $100 for picking up these machines and he wanted time to investigate. He told Blumberg what he had heard, and Blumberg asked him if he believed this information, and Shaw replied that he did not but that he was going to investigate.

Lt. Robert Perez of the San Antonio Police Force testified that he was present when Shaw told Blumberg not to pick up any more machines, thus corroborating the testimony given by Blumberg. Alsbury also gave testimony tending to corroborate Blumberg.

Chief Bichsel testified unequivocally that he asked Lt. Shaw on or about February 26, 1956, whether he had given orders to any subordinate vice officers to stop enforcement against marble tables and received the answer of an unqualified "No."

This testimony, though disputed and explained by Lt. Shaw to some extent, amounts to substantial evidence reasonably supporting the charge against Lt. Shaw that he had been guilty of conduct prejudicial to good order.

We do not deem it necessary to pass upon the other charges against Lt. Shaw, as this one charge would support the action taken by the Civil Service Board of San Antonio, suspending him without pay for a period of eight months.

■ Appellee contends that it was the duty of the appellants to prove up and introduce in evidence the rules and regulations of the Civil Service Board and of the Police Department of which appellee was charged with violating. We overrule this contention. Appellee in his petition filed in the district court set out that the City of San Antonio is a municipal corporation operating under the home rule provisions of the law. George W. Bichsel is the Chief of Police and Steve J. Matthews is City Manager; that Floyd V. Price, O. L. Gibson and Dr. Candelario Saenz are the present members of the Firemen's and Policemen's Civil Service Commission of the City, and Clyde G. McCullough, Jr., is the Director of the Commission. He further alleged that the provisions of Art. 1269m, Revised Civil Statutes, have been put into effect in San Antonio, and that he was covered in his employment as Lieutenant in the police force by a comprehensive civil service system; that he received a written notice from the Chief of Police of his suspension, and set out that notice in full; that he appealed to the Civil Service Commission, which upheld his suspension but limited it to eight months without pay; that from this order he appealed to the District Court of Bexar County.

Parties are bound by their pleadings, and in the light of the pleadings of appellee this Court will presume, in the absence of

anything to the contrary, that all the proceedings were regular and proper, and that the regulations which appellee was charged with violating had been properly promulgated by the Civil Service Commission. Pruitt v. Lubbock, Tex.Civ.App., 237 S.W. 2d 682; City of Sherman v. Arnold, 148 Tex. 516, 226 S.W.2d 620; Stoker v. Stoker, Tex.Civ.App., 254 S.W. 398; Smithers v. Lowrance, 100 Tex. 77, 93 S.W. 1064.

Shaw appealed to the District Court to set aside an order of the San Antonio Firemen's and Policemen's Civil Service Commission, which suspended him as a lieutenant in the Police Department for eight months. In the District Court Shaw took the burden throughout the trial. At the conclusion of that trial Shaw moved for judgment because the city failed to introduce the Police Rules under which he was charged and tried. The District Court sustained the motion for judgment. The question is thus presented: On an appeal from an order of the Civil Service Commission, is the burden of producing evidence upon the complainant, or is the burden always on the city to prove there was substantial evidence before the Commission which would support its claim?

In this case, Shaw actually assumed the burden of producing evidence, and the case was tried throughout the District Court on that theory. Section 18 of Article 1269m, Vernon's Texas Civil Statutes, does not expressly fix the burden of proof, but ordinarily the complainant on appeal bears the burden. In this case Shaw, the complainant, was burdened with the duty of showing that the proceedings were illegal or were not supported by substantial evidence, Lowe v. Texas Liquor Control Board, Tex.Civ.App., 255 S.W.2d 252; Sikes v. Texas Liquor Control Board, Tex. Civ.App., 243 S.W.2d 395; 73 C.J.S. Public Administrative Bodies and Procedure § 206.

In the Reagan v. Bichsel case, Tex.Civ. App., 284 S.W.2d 935, evidence was introduced tending to establish the fact that no rules had been promulgated or approved.

The judgment of the District Court will be reversed and the order of the Civil Service Commission of the City of San Antonio affirmed.