**Robert F. CRAWFORD, Appellant,**

**v.**

**CITY OF HOUSTON et al., Appellees.**

**No. 4602.**

Court of Civil Appeals of Texas.

Waco.

April 13, 1967.

Rehearing Denied April 27, 1967.

Hugo A. Touchy, Houston, for appellant.

William A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Crawford, from an order of the Houston Firemen's and Policemen's Civil Service Commission, sustaining appointment by Houston Police Chief Short, of R. O. Queen, as Superintendent of Identification Bureau of the Houston Police Department.

Plaintiff sued City of Houston, Chief Short, and Houston Civil Service Commission, alleging he, Queen, and another, took the Civil Service Examination for Superintendent of Identification Bureau of Houston Police Department; that plaintiff scored highest with *91.25,* and Queen scored second highest with *91.08*; that Police Chief Short appointed Queen. Plaintiff prayed for injunction against the appointment of Queen, and further prayed that plaintiff be ordered appointed Superintendent of Identification.

Trial was to a jury. At the close of plaintiff's evidence defendants moved for instructed verdict. The trial court withdrew the case from the jury, held defendants had not acted arbitrarily, unreasonably, capriciously or fraudulently, and entered judgment that plaintiff take nothing.

Plaintiff appeals on six points, contending: the trial court erred in not holding:

1) Plaintiff should be appointed Identification Bureau Superintendent.

2) Chief Short's reasons for not appointing plaintiff were invalid as a matter of law.

3) The manner in which the hearing of the Civil Service Commission was held showed defendants acted arbitrarily, unreasonably, capriciously or fraudulently.

4) A fact question existed as to whether Police Chief Short's reasons were valid.

A vacancy existed in the position of Identification Bureau Superintendent of the Houston Police Department. Three members of the Police Department took the examination. Plaintiff Crawford scored highest with 91.25; and Queen scored second highest with 91.08. Police Chief Short wrote two letters to the Civil Service Commission setting out why he was appointing Queen. Such reason in essence was, (that while both men were excellent men), that Queen had experience in supervision, and would be in his judgment a better supervisor. Plaintiff requested the Civil Service Commission to review the reasons given by

Chief Short in appointing Queen. The Commission held a hearing which was attended by plaintiff, and subsequently voted to uphold the appointment of Queen. Plaintiff filed suit in District Court seeking to have himself adjudged entitled to the position.

Chief Short testified he appointed Queen because he considered Queen better qualified to serve as Supervisor of Identification. Chief Short's letters to the Commission are in evidence and state substantially the same thing as testified by Chief Short on trial.

There is nothing in the record to even suggest that Chief Short or the Civil Service Commission acted arbitrarily, unreasonably, capriciously, or fraudulently.

Section 10, Article 1269m Vernon's Ann. Tex.Civ.St. provides for the appointment in instances as here "of the person with the highest grade, *except there be a valid reason why such appointment should be given to the one making the second or third highest grade.*" Section 14E, Article 1269m V.A.T. S. provides that the Head of Department (Chief Short) "*shall appoint the person having the highest grade, except where such Head of the Department shall have a valid reason for not appointing such highest name, and in such cases he shall, before such appointment, file his reasons in writing, for rejection of the higher name or names with the Commission, which reasons shall be valid and subject to review by the Commission upon the application of such rejected person.*"

The record reflects that Chief Short complied with the statutes; he appointed Queen because he considered him better qualified of the two men to serve as a Supervisor in the Identification Bureau; and so notified the Civil Service Commission; which reviewed such reason and deemed same valid.

■ The trial court reviewed the findings of the Commission, and is bound by the findings of the Commission if same find reasonable support in substantial evidence.

Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181; Firemen's & Policemen's Civil Service Com., etc. v. Shaw, CCA (n. r. e.), 306 S.W.2d 160.

■ The record reflects the findings and action of the Civil Service Commission had reasonable support in substantial evidence; and that such action was not arbitrary, unreasonable, capricious or fraudulent.

The judgment of the trial court is correct. All of plaintiff's points and contentions are overruled.

Affirmed.