**CITY OF GARLAND and Paul Price et al.,**
**Appellants,**

**v.**

**Gary S. DITTRICH, Appellee.**

**No. 4741.**

Court of Civil Appeals of Texas,
Eastland.

Nov. 15, 1974.

Pete Eckert, City Atty., Garland, Earl Luna and Thomas V. Murto III, Dallas, for appellants.

Tom F. Reese, Jr., Hirsch, Reese & Anthony, Garland, for appellee.

RALEIGH BROWN, Justice.

Gary S. Dittrich, a Garland city police officer with rank of patrolman, sought a

writ of mandamus against Paul Price, Ray Shape and Max Smith, members of the Firemen's and Policemen's Civil Service Commission of the City of Garland; Loyd Tallent, Director of Civil Service; Jesse Youngblood, Police Chief; and the City of Garland to compel them to promote him to the grade of sergeant. The trial court granted the writ which commanded the named defendants to promote officer Dittrich to the grade of sergeant effective September 9, 1973, and to compensate him for back pay and allowances. From such order, the defendants appeal.

The record reflects an eligibility list for promotion to sergeant was established following a promotional examination. The results established Dittrich as number one on the list. A vacancy in the position of sergeant occurred and Youngblood, Police Chief, recommended to the Director of Civil Service that the number two man on the promotional list be promoted rather than Dittrich. The Firemen's and Policemen's Civil Service Commission approved the recommendation of Chief Youngblood and passed over Dittrich for promotion to sergeant. At the request of Dittrich, the commission had a hearing to reconsider its action. It determined that Chief Youngblood had stated valid reasons, supported by the evidence, for the pass over of Dittrich and the commission confirmed its previous action. Officer Dittrich then filed the petition for writ of mandamus.

The primary thrust of defendants' appeal is twofold. First, they urge the trial court erred in denying their plea to the jurisdiction and second, they argue the trial court erred in failing to follow the substantial evidence rule. We agree with both contentions.

Dittrich's argument that the district court has jurisdiction in a mandamus proceeding to review the decision of a Firemen's and Policemen's Civil Service Commission regarding promotion is refuted by our Supreme Court in Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy, 514 S.W. 2d 237 (1974). In *Kennedy* the Supreme Court stated:

" . . . it is not correct to say that every act of the commission is subject to judicial review. We have held to the contrary."

after discussing City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951), the court continued:

" . . . Applying the reasoning of Hancock here, the Legislature has established a civil service system by statute with the requirement that promotions be based on competitive examinations. If it were not for these statutory provisions, the promotion of firemen and policemen would be strictly within the discretion of the department head or other responsible authority. Any rights or advantages that a particular member of the department may enjoy by virtue of this merit system of advancement are dependent upon, and subject to all the limitations and infirmities of, the statute. In establishing the system, the Legislature was entirely free to require, as it did implicitly, that the commission be the final arbiter with respect to grades and method of grading when an examinee exercised his right of appeal. . . . There is no suggestion that the commission here was guilty of fraud or bad faith, respondent's basic contention being that the commission's action with respect to the two questions was arbitrary and capricious, i. e. not supported by substantial evidence. The courts have no power to review the order of the commission on that ground."

■ We hold the trial court should have sustained the plea to the jurisdiction and dismissed the cause without granting the writ of mandamus. If, however, we are incorrect in this, we hold the court erred in its application of the substantial evidence rule.

■ The rules to be applied are well settled. The burden of proof is upon Dit-

trich to show that the decision of the Civil Service Commission is not reasonably supported by substantial evidence. Preponderance of the evidence is not the test. Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958); City of San Antonio v. Texas Water Commission, 407 S.W.2d 752 (Tex. 1966). All the evidence is to be reviewed and the reviewing court may not substitute its judgment for that of the commission. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946). The test to be applied is announced in Trapp v. Shell Oil Co., supra, as:

" . . . 'In such a case the issue is not whether or not the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. Hence it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence. This does not mean that a mere scintilla of evidence will suffice, nor does it mean that the court is bound to select the testimony of one side, with absolute blindness to that introduced by the other. After all, the court is to render justice in the case. The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court. If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside.' "

The record shows that Dittrich had absented himself from duty or failed to properly report his absence from duty on thirteen occasions. He had been reprimanded on six occasions for such activity. Chief Youngblood and Captain Rawlinson, of the Garland Police Department, both testified such absence history was excessive and demonstrated a continuing tendency on the part of Dittrich to neglect his duty as a police officer.

Chief Youngblood further testified as to incidences involving Officer Dittrich and fellow officers. On one occasion, a fellow officer filed a complaint against Dittrich alleging that Dittrich was making advances toward his wife. On another occasion, Dittrich filed a complaint against a fellow officer. In the complaint he admitted granting permission to the fellow officer and his wife to go out dining and dancing, but complained that as a result, his relationship with his wife had become strained. Other allegations in the complaint, which we will not detail, raises a substantial question as to Dittrich's qualification to serve as a supervisor.

Chief Youngblood noted in his letter recommending that Dittrich be passed over that Dittrich at a meeting of the Garland Police Association recommended using "Blue Flu" or work stoppages if necessary to obtain certain police benefits and salary raises. It is contended such suggestions are not appropriate for a police sergeant.

After reviewing all the evidence we hold that the judgment of the Commission was reasonably supported by substantial evidence, and Dittrich failed to sustain his burden of showing that reasonable minds could not have reached the same conclusion. City of San Antonio v. Texas Water Commission, supra; and Firemen's and Policemen's Civil Service Commission of City of San Antonio v. Shaw, 306 S.W.2d 160 (Tex.Civ.App.—San Antonio 1957, writ ref. n. r. e.).

We hold, first, the trial court had no jurisdiction and the mandamus issued is hereby set aside. However, if we be in error and the trial court did have juridiction, we reverse and render.