Gary L. MATHESON, Appellant,

v.

FIREMEN'S AND POLICEMEN'S CIVIL
SERVICE COMMISSION OF the CITY
OF DENTON, Texas, et al., Appellees.

No. 18204.

Court of Civil Appeals of Texas,
Fort Worth.

Sept. 20, 1979.

Rehearing Denied Oct. 18, 1979.

Gray, Whitten & Loveless and Michael J.
Whitten, Denton, for appellant.

Burt Solomons, Acting City Atty., Denton, Cantey, Hanger, Gooch, Munn & Collins and S. G. Johndroe, Jr., Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Gary L. Matheson, appellant and plaintiff below, was at all material times a member of the Police Department of the City of Denton. The city is one which qualifies to have its Police Department and the employees of that department covered by civil service under provisions of Tex.Rev.Civ. Stat.Ann. art. 1269m, (1963) "Firemen's and Policemen's Civil Service in cities over 10,-000". Thus Matheson is entitled to the benefits of the provisions of the act. It is upon these that he has declared by his suit.

Matheson considers himself aggrieved by the following: (1) about the last day of March, 1977 the former Chief of Police for the city resigned, to be succeeded by party to the suit whom we will call Chief Mills; (2) on a temporary basis former Police Captain Perry, party to the suit, assumed the duties of Assistant Chief of Police under Chief Mills, who had formerly been Assistant Chief; (3) in May of 1977 a promotional examination was given to arrive at an eligibility list for promotion to Assistant Chief on a permanent basis as is provided by Art. 1269m, §§ 9 through 14; (4) Matheson made the highest grade upon the examination, with Perry having made a lower grade; (5) accordingly, there was certification made to Chief Mills in connection with designation of applicants eligible to be, by him, appointed to the position of Assistant Chief on a permanent basis; (6) Chief Mills appointed Perry rather than Matheson to the position; (7) pursuant to provisions of § 14E of Art. 1269m Chief Mills submitted in writing his report to the Chairman of the Civil Service Commission in explanation of the appointment of Perry rather than Matheson.

The provisions of the aforementioned § 14E include the following: "Head of such Department shall appoint the person having the highest grade, except where such Head of the Department shall have a valid reason for not appointing such highest name, and in such cases he shall, before such appointment, file his reasons in writing, for rejection of the higher name or names, with the Commission, which reasons shall be valid and subject to review by the Commission upon the application of such rejected person."

The report of Chief Mills to the Chairman of the Commission painted a glowing picture of the qualifications and experience and dependability of Perry, but the only part thereof which tended to present a valid reason for not appointing Matheson (rather than Perry) was the following:

"Based upon the diversified training and work experience Captain Jimmy F. Perry best demonstrates the type of administrative background and ability to fill the job responsibilities of Assistant Chief of Police. It is my belief that because of the foregoing experience depth of Captain Perry with the functions of the Denton Police Department that *he is the best qualified applicant* for the position of Assistant Chief of Police and *that such advancement would be in the best interest of the Denton Police Department in terms of continuing efficiency of departmental administration and function.*" (Emphasis supplied.)

Matheson's contention is the same at the review hearing held by the Commission upon application of Matheson, and at the trial court level to which Matheson brought his suit after his claim was rejected by the Commission. Such contention is that the report of Chief Mills in justification of Perry's appointment to be Assistant Chief of Police (rather than Matheson) showed no valid reason for not appointing him to the position in question.

Art. 1269m, by its § 16a, "Purpose of law; hearings" (Supp.1978–79), provides in part: "It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure . . . as public servants. The members of the Civil Service Commissions . . . when sitting as a board of appeals for . . . aggrieved employee who has invoked any review procedures . . .

are to render a fair and just decision, *considering only the evidence presented before them in such hearing."* (Emphasis supplied.)

At Matheson's hearing before the Commission (pursuant to his application for review because of Chief Mills having appointed Perry as Assistant Chief of Police rather than himself), there was presented evidence of matters reflecting lesser fitness of Matheson than of Perry. These matters were not to be found in the report made by Chief Mills to the Chairman of the Commission. Had these been stated in Chief Mills report there would not exist the question of whether there was sufficiency of its content as presenting a valid reason for not appointing Matheson despite the fact that he had made a higher grade upon the examination.

■ Material to the issues in this case is the application of the Substantial Evidence Rule. The action of the Commission in confirmation of the appointment made by Chief Mills, by the evidence before it, was not limited by the presentation made by Chief Mills' earlier report. Evidence of the lesser fitness of Matheson was properly received and considered by the Commission.

We do not construe recent developments to have changed the law so that it has become improper to consider and act upon evidence in support of the Commission action which, though not presented at an earlier administrative hearing, could have been then presented. Furthermore, there was no evidence before the court below other than the transcript of the record made of the hearing before the Commission. Though Matheson sought attorney's fees he introduced no evidence even in support of that part of his case.

■ In the trial court the burden of proof upon Matheson, to be discharged by him as condition to prevail, was that he show the decision of the Civil Service Commission not to have been supported by (available) substantial evidence despite the fact that in trial of the suit in court on an appeal from the decision of the Commission

such trial shall be *de novo.* In the trial court all the evidence introduced is to be reviewed as though it had been presented before the Commission and such reviewing court may not substitute its judgment for that of the Commission. *City of Garland v. Dittrich,* 517 S.W.2d 839 (Tex.Civ.App.— Eastland 1974, no writ).

■ The order of the Commission is subject to be set aside only if from the evidence as a whole presented before the trial court (if it was or could have been presented before the Commission) is such that reasonable minds could not have reached the conclusion that the Commission must have reached in order to justify the action it took. *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424 (1946); *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 82 (1939).

■ We hold that the written report of Chief Mills to the Chairman of the Civil Service Commission in explanation of his appointment of Perry as Assistant Chief of Police, why it was in the best interest of the department that Perry be the appointee, satisfied the condition of the statute. It could not be the contemplation of law that in order to justify failure to appoint the man who has made the highest grade on the civil service examination that the written report must, as to him, present a species of condemnation of him; and especially would this be true relative to one situated as was Matheson, an employee expected to continue as such. If in this we err than by resort of the evidence presented before the Commission (and before the court below pursuant to Matheson's petition for review) there is no justification for reversal by this court.

■ Matheson's complaint that he was deprived of his right to due process of law is without merit; and we likewise hold that the same is true of other complaints made the subject of points of error presented on his appeal. Each has been considered; each is overruled.

We have taken note of the contention in opposition to the Matheson appeal that Art. 1269m, § 18, "Appeal to district court", did

not authorize action by a court on August 8, 1977, when Matheson instituted his suit in the district court. It was not until August 29, 1977, that the Section provided for institution of suit in instances of actions and orders of the Commission other than of suspension, dismissal or demotion. To hold in accord with the contention would require reversal and dismissal of Matheson's suit. Though the contention is probably one which is correct we have chosen to treat the case as one over which the trial court had jurisdiction and one as to which we might consider the merits involved. By either method our holding is that Matheson may not receive the relief he seeks.

The judgment is affirmed.