**Cisco MENDEZ, et al., Appellants,**

v.

**INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL UNION NO. 936, et al., Appellees.**

**No. 8532.**

Court of Civil Appeals of Texas, Beaumont.

March 26, 1981.

Rehearing Denied April 16, 1981.

Raul Garcia, Alice, James R. Bray, Asst. City Atty., Corpus Christi, for appellants.

David L. Perry, Russell McMains, Corpus Christi, for appellees.

DIES, Chief Justice.

On May 17, 1978, examination was given for the position of Fire Captain in the Corpus Christi Fire Department. Three examinees passed the examination and ranked as follows: (1) R. C. Garza, (2) Jim Sauceda, and (3) J. D. Lopez. On May 17, 1978, at least nine (9) Fire Captain vacancies existed. On May 22, 1978, Garza was promoted.

The then Fire Chief declined to request the remaining two names, Lopez and Sauceda, to be submitted to him.

This prompted the International Association of Firefighters, Local Union No. 936, Sauceda, and Lopez to seek a mandamus against the City Manager and the Fire Chief, requiring the promotions within

ninety days (90) of such positions becoming vacant; the mandamus was granted, from which the City Manager and Fire Chief bring this appeal. The question to be decided herein is whether under the Corpus Christi Civil Service Commission Rules, the Fire Chief had the discretion to decline to request the two names (Sauceda and Lopez) to be submitted to him for promotion. We hold that he did.

Article 13 § 1(E) of the Corpus Christi Rules provides, in part:

> "In cases where less than three names are available for certification, the Chief or Head of the Fire or Police Departments may at his discretion, request that less than three names be submitted by the Commission from the current eligibility list."

We have no information how many names were available for certification, but clearly if the Rule allows the Chief to waive less than three names—as it does—it also allows him to insist on three.

The Civil Service statute in existence at the time of this Rule was consistent with the Rule. *Tex.Rev.Civ.Stat.Ann. art. 1269m § 14 E* (1963) provided:

> "E. Upon written request by the Heads of the Departments for a person to fill a vacancy in any classification, the Commission shall certify to the Head of such Department the three (3) names having the highest grades on such eligibility list for such classification for the vacancy requested to be filled, and the Head of such Department shall appoint the person having the highest grade, except where such Head of the Department shall have a valid reason for not appointing such highest name...," etc.*

The basis for the leverage formally permitted under *Article 1269m § 14 E* was to give the Head of Department some discretion in the appointment. See *Matheson v. Firemen's and Policemen's, etc.*, 587 S.W.2d 795 (Tex.Civ.App.—Fort Worth 1979, no

writ); *Crawford v. City of Houston*, 414 S.W.2d 212 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.); *Cash v. City of Houston*, 426 S.W.2d 624 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.).

It is therefore ordered that the "Final Judgment" of the trial court be reversed and rendered, and the writ of mandamus is, in all things, dissolved.

REVERSED and RENDERED.

Head of the Department," etc. Hence, this opinion will have no precedential value, and therefore will not be published.

---

* Effective September 1, 1979, *art. 1269m 14 E* was amended to include the following: "If fewer than three (3) names remain on the eligibility list, all the names must be submitted to the