

# The Attorney General of Texas

September 5, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Louis J. Raffaelli
Bowie County Criminal District
Attorney
505 West 5th
Texarkana, Texas 75501

Opinion No. MW-234

Re: Whether an adequate building must be in existence before a private club permit is granted by the Alcoholic Beverage Commission

Dear Mr. Raffaelli:

You have asked two questions concerning the Alcoholic Beverage Code. You first ask for the meaning of the term "adequate building" found in those provisions which require that the applicant for a private club permit have an adequate building.

The Alcoholic Beverage Code provides that the Alcoholic Beverage Commission may refuse to issue a permit if "the place or manner in which the applicant may conduct his business warrants the refusal of a permit based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency," and "the applicant does not have an adequate building available at the address for which the permit is sought." Sec. 11.46(8), (12). The code does not define the term "adequate building." Whether a particular building is adequate for a proposed use is a fact question. We believe the commission may answer this question on a case-by-case basis, in light of the policies underlying the code. See Alco. Bev. Code §1.03. See generally Lowe v. Texas Liquor Control Board, 255 S.W. 2d 252 (Tex. Civ. App. – Amarillo 1952, no writ).

You next ask whether an "adequate building" must be in existence before the granting of a private club permit. Section 32.03 of the code provides that a private club registration permit may only be issued to a club which meets a number of requirements which include the following:

> (f) The club must own, lease, or rent a building, or space in a building of such extent and character as in the judgment of the commission is suitable and adequate for the club's members and their guests.

Section 32.04 provides that a private club that meets the requirements set forth in section 32.03 may apply for a private club registration permit. You state that on some occasions a permit has been granted to a club with a deficient building with the requirement that the building be upgraded before it is allowed to open.

We believe the commission may grant a permit on these terms. It may exercise all powers conferred by the code, and "all powers incidental, necessary, or convenient to the administration of [the] code." Alco. Bev. Code §5.31. Section 11.43 gives the commission broad authority to issue or deny permits. Although sections 32.03 and 32.04 may appear to require that all enumerated conditions exist prior to issuance of the license, that clearly is not the case. Some conditions listed in section 32.03 cannot be fulfilled until the permit has been issued. A private club registration permit may only be issued to a club which meets the following requirements:

> (h) The club's total annual membership fees, dues, or other income, excluding proceeds from the disposition of alcoholic beverages but including service charges, must be sufficient to defray the annual rental of its leased or rented premises or, if the premises are owned by the club, sufficient to meet the taxes, insurance, and repairs and the interest on any mortgage on the premises.
>
> . . . .
>
> (j) No member or any officer, agent, or employee of the club may be paid or receive any money as salary or other compensation, directly or indirectly, from the disposition of alcoholic beverages to members of the club and their guests, other than charges for the service of the beverage.

Sec. 32.03. A private club does not ordinarily meet either of these conditions before it begins selling alcoholic beverages. The legislature apparently did not intend that a private club meet every condition listed in section 32.03 prior to the issuance of a permit. We believe the broad powers conferred upon the commission by section 5.31 of the Alcoholic Beverage Code include the authority to issue a private club permit with the condition that the building it covers conform to the statutory standard before the club is allowed to open.

### SUMMARY

> The Alcoholic Beverage Commission has authority to determine on a case-by-case basis whether an applicant for a private club has an adequate building. It may grant a permit to a club with a deficient building and require that the building be repaired before the club is allowed to open.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Reed Lockhoof