## LOWE v. TEXAS LIQUOR CONTROL BOARD et al.

No. 6231.

Court of Civil Appeals of Texas. Amarillo.

July 16, 1952.

Rehearing Denied Sept. 2, 1952.

McCarthy, Snodgrass & Haynes, Amarillo, for appellant.

Price Daniel, Atty. Gen., John Peterson, Amarillo, for appellees.

LUMPKIN, Justice.

This proceeding arose as a statutory appeal by the appellant, Ralph Lowe, from an order of the appellee, Texas Liquor Control Board, cancelling the appellant's Package Store Permit. Previously, the appellant had been notified to appear at the office of the appellee's administrator and show cause why his Package Store Permit No. 9946, should not be cancelled. The Notice of Hearing alleged a violation of Article 666–12(6), Vernon's Annotated Penal Code, which authorized the board or the administrator to cancel (or suspend) a permit if the following is found to be true:

> "That the place or manner in which the permittee conducts his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit."

The notice stated that the administrator would determine whether the appellant's permit should be cancelled or suspended for any of the following causes:

"1.

"That the manner in which the permittee conducts his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit, in that the said Ralph Lowe paid a bribe to John L. Dibrell, III, the said John L. Dibrell, III, being an Inspector for the Texas Liquor Control Board."

Paragraph 2 of the notice alleged that the appellant also paid a bribe to Jack Grant, Potter County Deputy Sheriff; paragraph 3 alleged that the appellant, through his agent, Clarence Jackson, did on divers occasions pay bribes to John L. Dibrell, III; while paragraph 4 pleaded that the appellant, acting by and through his agent, Clarence Jackson, did on several occasions pay bribes to Jack Grant.

At a hearing held before the administrator, the affidavits of two of the board's inspectors were introduced. The affidavit of John L. Dibrell, III, states in part:

"That on the 31 day of July, A.D. 1951, at —— M. o'clock, in the County of Potter, City of Amarillo, State of Texas, I, while at the Clover Club, located at 4416 N.E. 8th Street, Amarillo, Potter County, Texas, was first approached by Potter County Juvenile Officer Jack Grant and was propositioned in this manner—if I would agree to let the liquor runners go and load up and leave from Ralph Lowe's liquor stores, I would be paid $1.00 a case on all whiskey run out to bootleggers.

"On August 7, 1951, at 10:00 a. m. Clarence Jackson, owner of the Clover Club, Jack Grant, Potter County Juvenile Officer, and I drove to the residence of Ralph Lowe located at 4020 West Third Street, Amarillo, Potter County, Texas. Upon arriving at this place I was introduced to a man as being Ralph Lowe. Ralph Lowe said to me, 'John, if you will string along with me and keep the other Liquor Board men off my neck and let me run and load whiskey to dry territory, I will pay you $1.00 per case on every case that I sell and I will guarantee you will make plenty of good money if you will string along with me. Everybody else is making it, why shouldn't you? I am in the position to offer you plenty of good money. I will guarantee you at least $150.00 a week for protection if you will come in on our set up.' I told him I would.
* * *

"On August 20, 1951, at 10:45 A.M., Jack Grant and I drove to Ralph Lowe's residence as per our agreement to collect our weekly pay off from him. On arriving at this place Ralph Lowe handed Jack Grant an envelope containing $62.00 and in turn, Jack Grant handed me $31.00 of it. Ralph Lowe complimented us again on the fine job we were doing of giving him protection and said if things kept going the way they were now, in another six months he would have all the whiskey runners he could handle. He stated he was sending two of his side kicks to Oklahoma that day to try to make some contacts with some Oklahoma liquor runners so that business would build up a little more. We then left Ralph Lowe's residence. * * *

'On September 25, 1951, at 1:10 P. M., Inspector Thomas B. Taylor and I went to the Court House to Jack Grant's office. Upon entering, Jack Grant closed the door and took $100.00 out of his pocket saying, '$70.00 is from Ralph Lowe and $30.00 is from Clarence Jackson.' We then left Jack Grant's office."

A second affidavit, made by another of the board's inspectors, was introduced; it sets forth the general scheme of bribe payments and describes the actual payment of the money.

The administrator found the following to be the true facts:

"That the manner in which the permittee conducts his business is of such a nature, which, based on the general

welfare, health, peace, morals and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit, in that the said Ralph Lowe paid a bribe to John L. Dibrell, III, the said John L. Dibrell, III, being an Inspector for the Texas Liquor Control Board."

The administrator found that the appellant also paid a bribe to Jack Grant, Deputy Sheriff of Potter County, and that the appellant, acting through his agent, Clarence Jackson, on divers occasions paid bribes to Dibrell and Grant.

Following the hearing, the administrator cancelled the appellant's Package Store Permit. The appellant appealed from this order to the 108th District Court of Potter County, where judgment was rendered sustaining the order of the administrator. From this judgment the appellant has duly perfected his appeal to this court.

At the hearing before the administrator, the appellant asserted by special exceptions to the Notice of Hearing (which were overruled) that since the Liquor Control Act, Vernon's Ann.P.C. art. 666–1 et seq., in so many words, does not give the administrator the authority to cancel a permit upon a charge of giving a bribe and does not name bribery as an offense contrary to the general welfare, health, peace, morals, and safety of the people and the public sense of decency, the act of cancelling the permit was without the scope of the authority delegated by the Legislature. The appellant made the same contention in the trial court and raises the same contention before this court. Also, he insists that even if the inspectors' affidavits are sufficient to prove the offense of bribing an officer, there is not sufficient evidence presented to show that such an act is contrary to the general welfare, health, peace, morals and safety of the people and the public sense of decency and, therefore, the administrator's order of cancellation is not based on substantial, sufficient and competent evidence and, moreover, is unreasonable, arbitrary and capricious. We shall discuss the appellant's contentions in order.

■ In the interest of public health, morals or general welfare, the State has the authority under its police power to regulate a business, profession or occupation. 11 Am.Jur. 1044. The Texas Liquor Control Board is an administrative branch of the State Government to which the Legislature has delegated certain functions, among which, first, is determining who shall have the privilege of selling liquor and, second, ascertaining whether the persons so favored have breached the conditions under which the privilege was granted.

Article 666–12 specifies the grounds for cancellation or suspension of permits. Paragraph (6) authorizes the board or the administrator to cancel, or suspend for a period not exceeding sixty days, a package store permit when the permittee conducts his business in such a manner as to warrant the cancellation or suspension "based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency". It is the appellant's contention that these terms, i. e., *general welfare, health, peace, morals, safety of the public and public sense of decency,* are so vague and insufficiently defined that they cannot imply an offense definite enough to be enforced.

■ The holder of a Package Store Permit, such as the appellant, is a mere licensee who accepts his permit subject to the authority of the board to cancel it for any violation of the statutes or of any rule or regulation which has been promulgated by the board under the authority of the Act. Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300. He is charged with notice that a violation of the statute, or a reasonable rule or regulation of the board pursuant to the statute, will subject the permit to forfeiture. Texas Liquor Control Board v. Warfield, Tex. Civ.App., 122 S.W.2d 669. Permits granted under the Act are only personal privileges; they do not constitute property. Texas Liquor Control Board v. Cannon, Tex.Civ. App., 147 S.W.2d 927; Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W.2d 1030. The action of the Texas Liquor Control Board or its administrator

in cancelling a package store permit is not a criminal prosecution; it is not the exercise of a judicial power; it is merely the performance of an administrative function, and the hearings are not governed by the strict rules governing courts. Texas Liquor Control Board v. Warfield, supra; McCormick v. Texas Liquor Control Board, 141 S.W.2d 1004; Reetz v. People of State of Michigan, 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563.

The terms used in Paragraph (6) of the Statute, which the appellant insists are vague and indefinite, have a well-accepted and understood meaning. Simply defined, they condemn any conduct which is opposed to the peace and detrimental to the welfare of the community. Conduct which is contrary to these terms is recognized by all; conduct which does not comport with these terms is shocking to the finer sensibilities of all men. Therefore, where it is alleged that the permittee has conducted his business in a manner contrary to the general welfare, morals and safety of the people, so as to warrant the cancellation of his Package Store Permit, it is for the administrator, in the exercise of his discretion, to determine whether the alleged acts are such as the law and a sound public opinion condemn as detrimental to the public good. The administrator, upon finding that the appellant had paid an officer a bribe, was authorized by Article 666–12(6) to cancel the appellant's permit, because paying a bribe—a price, reward, gift or favor bestowed or promised with a view to pervert judgment or corrupt the conduct of a person in a position of trust, Rowland v. State, 213 Ark. 780, 213 S.W. 2d 370—is contrary to the general welfare, health, peace, morals, and safety of the people and the public sense of decency. See 9 Am.Jur. 87; 9 C.J. 402, 11 C.J.S., Bribery, § 1; Davis v. State, 70 Tex.Cr.R. 524, 158 S.W. 288.

The appellant assumes that a hearing before the administrator takes on some of the attributes of a criminal prosecution. The Notice of Hearing, however, is not in the nature of an indictment which "to be sufficient must specifically allege every constituent element of the offense and leave nothing to inference or intendment." Selvidge v. State, 126 Tex. Cr.R. 489, 72 S.W.2d 1079, 1080. In our opinion the language used in the Notice of Hearing was sufficient to warn the appellant of the nature of the conduct with which he was charged. The administrator properly overruled the appellant's special exceptions to the Notice of Hearing. His order cancelling the appellant's Package Store Permit is within the scope of his delegated authority.

The appellant insists that the administrator's order is not supported by substantial evidence and that it is unreasonable, arbitrary and capricious. The orders of the administrator are prima facie valid. The burden of proof is on the appellant to show that no evidence was introduced at the hearing to substantiate the findings of the administrator or that there were no facts upon which the order could be based. 6 Tex.Jur.Supp. 390. The introduction of the affidavits was proper. Texas Liquor Control Board v. Lanza, Tex. Civ.App., 129 S.W.2d 1153. Although the appellant's counsel was present at the hearing, the evidence offered was not contradicted. On the appeal to the 108th District Court, the only evidence introduced by the appellant was a transcript of the hearing before the administrator. The appellant has failed to show that the administrator's order has no reasonable factual basis for its support. In the case of Texas Liquor Control Board v. O'Fallon, Tex.Civ.App., 189 S.W.2d 885, 888, the court defined the words "substantial evidence" thus: "'Substantial evidence' within the meaning of the statutes is such evidence as will convince reasonable men, and on which such men may not reasonably differ; that is, competent evidence as a reasonable mind might accept as adequate to support a conclusion." The finding of the administrative body or agency will be sustained by the courts if it is reasonably supported by substantial evidence—that is, evidence introduced in court. In discussing this question the Supreme Court in Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202, said:

"It is for the court, whether trial or appellate, to determine as a matter of law the reasonableness of the support afforded by substantial evidence, and in making its decision of this question the court examines and takes into consideration all of the evidence."

Taking into consideration all of the evidence, it is reasonable to say that the cancellation or suspension of the appellant's permit was warranted, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, because the administrator found from the uncontradicted evidence that the manner in which the appellant conducted his business was to pay bribes to peace officers or cause such bribes to be paid by his agent—conduct which is contrary to the general welfare, morals and safety of the people. 48 C.J.S., Intoxicating Liquors, § 175, p. 281 et seq. In our opinion the administrator's findings are supported by substantial evidence.

Nor do we believe that the administrator acted unreasonably, arbitrarily or capriciously in arriving at his conclusion. In Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530, 535, the court said:

"'Arbitrary and capricious' in many respects are synonymous terms. Webster's International Dictionary, among other things, says 'Capricious' means freakish, whimsical, fickle, changeable, unsteady, arbitrary."

The testimony of the inspectors concerning the giving and acceptance of bribes was not contradicted and such testimony was sufficient to meet the requirements of law. It is sufficient to defeat the contention that the board acted unreasonably, capriciously and arbitrarily in cancelling the appellant's permit. Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227.

We have carefully reviewed the record in this case. Finding no reversible error, we overrule all of the appellant's points of error and affirm the judgment of the trial court.