Harmon E. THACKER, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.

No. 15019.

Court of Civil Appeals of Texas, San Antonio.

Nov. 3, 1971.

Samuel L. Egger, San Antonio, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, Alfred Walker, Robert C. Flowers, Larry J. Craddock, Asst. Attys. Gen., Austin, Ted Butler, Dist. Atty., Antonio G. Cantu, Asst. Dist. Atty., San Antonio, for appellee.

BARROW, Chief Justice.

Appellant brought this action in the nature of a statutory appeal from an order of the Bexar County Judge denying him a Retail Dealer's Off-Premises Beer License. Such order was affirmed after a trial de novo under the substantial evidence rule in the 45th Judicial District Court of Bexar County, and appellant has duly perfected this appeal.

Appellant has operated a 7–11 type ice house or convenience store at 1003 Donaldson Avenue, San Antonio, for about six years and has held a Retail Dealer's Off-Premises Beer License at such establishment. In mid-November of 1970, he purchased a second store at 1201 Garraty, Terrell Hills, and made application for such a license at this ice house. A protest was filed by a representative of appellee, hereinafter referred to as the Commission, and after a hearing before the County Judge, the application was denied.

Appellant urges on this appeal that the trial court erred in not holding that Article 667–5, Sec. 2(c), Vernon's Ann.Tex.Pen. Code Ann. (Supp.1970),[1] is unconstitutional or in any event, is too vague and ambiguous to put him on notice as to what is alleged against him. He also asserts that there is no evidence, or in the alternative the evidence is factually insufficient, to authorize the denial of the license.

■ It must be recognized at the outset that a license or permit to sell beer is a privilege and not a property right. In Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 201 (1949), it was held: "Since the permit or license is a mere privilege, its issuance, denial and cancellation are properly committed to an administrative body or agency, and, in the interest of efficiency, the fact findings made by the administrative body or agency in the performance of duties of this kind are usually subject to a limited, rather than to a full, judicial review, in Texas a review under the substantial evidence rule." See also: State v. Bush, 151 Tex. 606, 253 S.W.2d 269 (1952); Texas Liquor Control Board v. Armstrong, 300 S.W.2d 146 (Tex.Civ.App. —San Antonio 1957, writ ref'd).

---

1. "The place or manner in which the applicant for a Retail Dealer's License may conduct his business is of such nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license; . ."

The denial of the license was based on Article 667–5, Sec. 2(c), Tex.Pen.Code Ann. (Supp.1970), which has been the basis for the denials of numerous other applications. See: Padgett v. Griffin, 367 S.W.2d 222 Tex.Civ.App.—Waco 1963, writ ref'd); Hernandez v. Texas Liquor Control Board, 317 S.W.2d 552 (Tex.Civ. App.—San Antonio 1958, no writ); Texas Liquor Control Board v. Armstrong, supra; Stapper v. Johnson, 291 S.W.2d 956 (Tex.Civ.App.—San Antonio 1956, no writ); Glass v. Texas Liquor Control Board, 267 S.W.2d 897 (Tex.Civ.App.—Waco 1954, no writ); Sikes v. Texas Liquor Control Board, 243 S.W.2d 395 (Tex. Civ.App.—Galveston 1951, no writ); Corder v. Delgado, 234 S.W.2d 268 (Tex. Civ.App.—Waco 1950, no writ); Ex Parte Velasco, 225 S.W.2d 921 (Tex.Civ.App.—Eastland 1950, no writ).

▮▮▮ Appellant urges under his first two points that Section 2(c), supra, is an unconstitutional delegation of unbridled lawmaking power to an administrative agency since there are no guides or standards for denial of a license. The statutory provisions involved herein have been specifically held in two prior cases to be constitutionally sufficient to an administrative case. Lowe v. Texas Liquor Control Board, 255 S.W.2d 252 (Tex.Civ.App.—Amarillo 1952, no writ); Parisian Club v. Humphries, No. A–70–CA–64, United States District Court, Western District of Texas (Nov.1970). The "void for vagueness" doctrine was recently considered by this Court in E. S. G. v. State, 447 S.W.2d 225, 226 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.), where it was held that a statute defining a delinquent child as one who " 'habitually so deports himself as to injure or endanger the morals or health of himself or others' " was not unconstitutionally vague. The trial court properly held that the Section 2(c) is not unconstitutionally vague.

▮▮▮ Appellant asserts that in any event he was deprived of due process in this case because the protest filed by the representative of the Commission was in general terms. This contention is based on a false premise in that nothing in the statute requires a written protest to be filed. Jones v. Marsh, supra. Moreover, where pleadings are required in administrative proceedings, their validity should not be tested by the technical niceties of pleadings and practice required in court trials. Railroad Commission of Texas v. Magnolia Petroleum Company, 130 Tex. 484, 109 S.W.2d 967 (1937). See also: Davis Administrative Law Treatise, Sec. 8.04, Vol. 1, pp. 523–529. Appellant's first and second points are without merit and are overruled.

Under his final two points, appellant urges that there is no evidence or insufficient evidence to support the order of the County Judge denying the license. We recognize the seriousness of this denial in that in addition to the service to the public, a substantial part of the anticipated earnings of the ice house would come through sale of beer for off-premises consumption. Appellant had operated another ice house for six years and anticipated that about 35% of his business would come from this source.

▮▮▮ It is clear from the record that the basis for the denial of the license was appellant's manner of operating the Donaldson Avenue ice house. He had just purchased the second store, but testified he would operate the second store in the same manner as the first store. The evidence showed that this manner of operation was such as to have drawn opposition from school and church officials, as well as three suspensions of his license. The Donaldson Avenue store was near a junior and senior high school. Two women active in the PTAs of these schools, as well as the minister of a nearby church, testified in opposition to issuance of the li-

cense. The primary complaint of these witnesses was based on his display and sale of magazines which were considered obscene. Three of such magazines are in evidence and can be described most favorably to appellant as "adult magazines" which should not be displayed in a store frequented by many minors. Furthermore, each of these three witnesses testified that the reputation of the Donaldson Avenue store for decency and morality was bad. in addition, appellant admitted that school officials had complained of his sale of fake smoke bombs to the school children. He also admitted that his license had been suspended on three occasions for liquor violations. Such prior suspensions were relevant to the issue of his manner of operation. See Texas Liquor Control Board v. Armstrong, supra; Texas Liquor Control Board v. Pompa, 298 S.W.2d 605 (Tex.Civ.App.—San Antonio 1957, no writ).

Appellant testified that he would not sell this type magazine in the Garraty store, and that in fact he had removed them from the Donaldson Avenue store after objections had been raised. However, his testimony was refuted in that a Commission inspector testified that similar magazines were on display in the Garraty store on the day before the hearing and in fact, that he had purchased one which was introduced into evidence.

We conclude from this record that there is substantial evidence to support the finding of the County Judge that the place or manner in which appellant may conduct his business is of such a nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license.

The judgment is affirmed.

CADENA, J., not participating.