**N. J. R. INC., Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

No. 16064.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 19, 1973.

Pruitt & Monshaugen, Robert Levine, Houston, for appellant.

John L. Hill, Atty. Gen., Texas, John M. Barron, First Asst. Atty. Gen., Larry F. York, Executive Asst. Atty. Gen., Joe B. Dibrell, Lang A. Baker, Asst. Attys. Gen., Austin, for appellee.

EVANS, Justice.

This involves an administrative order of the Texas Alcoholic Beverage Commission cancelling appellant's mixed beverage permits for failure to timely file a monthly report for December, 1971. The trial court without a jury upheld the Commission's order, holding that the Commission acted within its delegated authority, that its order was based upon substantial evidence and that it had not acted arbitrarily or capriciously. Appellant's four points of error attack these findings.

■ The Commission's order is prima facie valid. Texas Liquor Control Board v. Cervantes, 333 S.W.2d 466 (Tex.Civ.App.— San Antonio 1960, n.w.h.). The burden of proof was upon appellant to show that the Commission's order was not supported by substantial evidence. Texas Liquor Control Board v. McGee, 314 S.W.2d 678 (Tex.Civ.App.—San Antonio 1958, ref'd, n.r.e.). In order to sustain its burden appellant was required to offer proof that no substantial evidence existed at the time of the administrative hearing to support the Commission's order. Texas Liquor Control Board v. Lanza, 129 S.W.2d 1153 (Tex. Civ.App.—Dallas 1939, dism'd, judg. correct); Texas Liquor Control Board v. Marine Exchange Social Club, 127 S.W.2d 967 (Tex.Civ.App.—Austin 1939, n.w.h.).

Appellant offered no proof that it had ever filed a monthly report for December, 1971.

Upon the stipulations contained in appellee's brief and in its oral argument, we find that the Commission's order was based upon the provisions of Article 666-20d(i) of the Vernon's Ann.Texas Penal Code. This subsection provides in effect that the Commission "may" cancel a licensee's permit upon finding, after notice and hearing, that the licensee failed to file a required report. The penalties provided for a violation of this subsection are less onerous than those imposed under Subsection (j) which provide for a mandatory cancellation in the event of a finding that the licensee "knowingly" violated the provisions of the Act. In view of our finding that the Commission's order was based upon Subsection (i) rather than upon Subsection (j), the question of appellant's scienter is not before us.

■ We believe the Commission was empowered to order cancellation of appellant's permits upon finding of a violation as evidenced by its order. It must be presumed that such order was lawfully entered and was supported by substantial evidence. We are of the opinion that appellant did not discharge its burden of proving that the order was not supported by substantial evidence.

■ Appellant further contends that the Commission acted unreasonably and arbitrarily in cancelling said permits and offered evidence which tended to show that out of some 125 recorded offenses under the Act only five or six had resulted in penalties of cancellation. The bases upon which the Commission made its determination in such other cases are not before us, and we cannot say from the record that

the action of the Commission in cancelling appellant's permits upon a finding of the violation charged was arbitrary or unreasonable.

For the reasons stated, we affirm the judgment of the trial court.