**The CIVIL SERVICE COMMISSION OF the CITY OF BAYTOWN and the City of Baytown, Appellants,**

v.

**Cecil CLEMMER, Appellee.**

No. 01–87–00110–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 31, 1988.

Randy Strong, City Attorney, Baytown, for appellants.

George C. Dixie, D. Reid Walker, Walker & Cease, Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

Appellants, the Civil Service Commission of the City of Baytown and the City of Baytown, contest a judgment entered by the trial court overturning the commission's decision that appellee, Cecil Clemmer, was properly passed over and not promoted to the position of assistant chief within the Baytown Fire Department. The trial court ordered appellants to promote appellee to the position of assistant chief, awarded him $4,424.88 in back pay, and $4,562.50 for attorney's fees incurred through trial in the district court.

Appellants assert one point of error contending that the trial court erred in overturning the commission's decision because there was substantial evidence to support it.

During 1982, the assistant chief's position in the Baytown Fire Department was vacated. To fill the vacancy the commission administered a promotional examination pursuant to Tex.Rev.Civ.Stat.Ann. art. 1269m, § 14[1]. Appellee and James Antle, both captains, passed the examination. Appellee received the highest score and was placed in the first position on the eligibility list. Antle was placed in the second position. Appellee and Antle were the only

officers who qualified for placement on the eligibility list. The commission certified these names to the fire chief under § 14E(1), which required him to:

appoint the person having the highest grade, except where [he] shall have a valid reason for not appointing such highest named, and in such cases he shall, before such appointment, file his reasons in writing, for rejection of the higher name or names, with the Commission, which reasons shall be valid and subject to review by the Commission upon the application of such rejected person.

The chief passed over appellee and appointed Antle as assistant chief. On May 26, 1982, the chief filed a written memorandum with the Commission listing the following reasons for the passover:

1) Jimmy Antle has 17 years experience with the fire department.

2) He made a high test score on the promotional examination.

3) He has few problems with subordinates and the respect of his men.

4) He has always complied with city policies and practices.

5) He demonstrates a positive attitude towards his job and the members of the department.

6) He cooperates well with his superiors and peers.

7) Based on my past experience of working with the two individuals on the list I would have a better working relationship with Mr. Antle as my assistant chief. It is important to the proper management of the fire department of the fire chief to have confidence in the ability of the assistant chief to work with him.

It is my opinion that, overall, he is the best candidate for the job. Due to Jimmy Antle's performance and work experience I feel his appointment is in the best interest of the Baytown Fire Department in terms of continuing efficiency of departmental administration in function.

Appellee then made application to the commission seeking review of the chief's

---

1. Ch. 753, 1979 Tex.Gen.Laws 1860–64.

reasons. At the hearing before the commission, the chief testified that: the assistant chief is the chief's "right-hand man"; he received many complaints from Clemmer's subordinates—two times more than any other captain; the men in the department respected Antle more than they respected Clemmer; Antle cooperated better than Clemmer with members of the department; on one occasion, Clemmer became angry when the chief did not accept one of his recommendations and began pounding his fist on the chief's desk; Clemmer wrote a snide remark on one of the chief's memos and returned it to the chief, thereby indicating a lack of respect and inability to work within the department; at a meeting, Clemmer told the chief that he was going to be a pain in the chief's side; he could not work well with Clemmer and had a better working relationship with Antle; and because of this behavior he did not have confidence in the ability of Clemmer to exercise the duties of assistant chief.

The commission found that the chief's reasons were valid and confirmed Clemmer's pass over and the appointment of Antle to the position. Clemmer then appealed to the district court under article 1269m, § 18. The court after considering the stipulated evidence presented by the parties, entered judgment overruling the commission's decision.

The supreme court has described the standards to be applied in a § 18 appeal:

The reviewing court must inquire whether the evidence introduced before it shows facts in existence at the time of the administrative decision which reasonably support the decision. *Kavanagh v. Holcombe*, 312 S.W.2d 399, 403 (Tex.Civ. App.—Houston 1958, writ ref'd n.r.e.). The principles of substantial evidence review are well settled. Any difficulty applying the substantial evidence rule in cases such as this arises from the dual role the trial court must play. On one hand, the court must hear and consider evidence to determine whether reasonable support for the administrative order exists. On the other hand, the agency itself is the primary fact-finding body,

and the question to be determined by the trial court is strictly one of law. *Board of Firemen's Relief and Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181, 183 (1951). Thus, while the reviewing court is to a certain extent a fact-finder, it may not substitute its judgment for that of the agency on controverted issues of fact. *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424, 436 (1946). When there is substantial evidence which would support either affirmative or negative findings the administrative order must stand, notwithstanding the agency may have struck a balance with which the court might differ. *Gerst v. Goldsbury*, 434 S.W.2d 665, 667 (Tex.1968). The trial court may not set aside an administrative order merely because testimony was conflicting or disputed or because it did not compel the result reached by the agency. Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function. The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. *Cusson v. Firemen's and Policemen's Civil Serv. Comm'n*, 524 S.W.2d 88, 90 (Tex.Civ.App.—San Antonio 1975, no writ).

*Firemen's and Policemen's Civil Serv. Comm'n. v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984).

The reviewing courts need not consider "incredible, perjured, or unreasonable testimony because such evidence is not substantial." *Trapp v. Shell Oil Co.*, 145 Tex. at 349, 198 S.W.2d at 440. However, the reviewing court may go no further than to examine the evidence for these infirmities. If there is substantial evidence that supports the order, the courts are bound to follow the discretion of the administrative body. *Brinkmeyer*, 662 S.W.2d at 956.

In the trial court, appellee did not allege that any of the testimony before the commission was incredible, perjured, or unreasonable. It was his burden to demonstrate that the commission's confirmation

of the chief's appointment was not supported by substantial evidence. *Brinkmeyer*, 662 S.W.2d at 956.

It is not required that every reason justifying the pass over be specifically listed in the written pass over memorandum filed with the commission. *See Matheson v. Firemen's and Policemen's Civil Serv. Comm'n*, 587 S.W.2d 795, 797 (Tex.Civ.App.—Fort Worth 1979, no writ). McBride's testimony contained substantial evidence justifying the pass over. The evidence shows that the working relationship between the chief and Clemmer presented difficulties that could ultimately affect the chain of command, efficiency, and morale of the department. Although Clemmer's testimony showed that he is a concerned and hardworking member of the department, such testimony does not destroy the probative value of the chief's reasons for passing over Clemmer and appointing Antle. Having considered all of the evidence in the record, we hold that there was substantial evidence to support the commission's decision.

Appellants' sole point of error is sustained.

The judgment of the trial court is reversed, and judgment is rendered that appellee take nothing.