**STATE BANKING BOARD et al., Petitioners,**

**v.**

**ALLIED BANK MARBLE FALLS, Respondent.**

**No. C-7106.**

Supreme Court of Texas.

April 20, 1988.

Jim Mattox, Atty. Gen., of Texas, Sylvia Nieto–Salazar and Linda Ibach Shaunessy, Asst. Attys. Gen., Larry Temple, Austin, for petitioners.

Thomas A. Rutledge and Kevin F. Lee, Sneed, Vine, Wilkerson, Selman & Perry, Austin, for respondent.

PER CURIAM.

The issue presented in this appeal is whether the court of appeals properly reviewed findings of fact rendered by the State Banking Board. The proposed directors of United Bank Horseshoe Bay filed an application for a new state bank charter with the Board. A majority of the Board approved United's application. Allied Bank Marble Falls, which had opposed United's charter application, sued in the district court seeking a judicial review of the Board's order. The district court affirmed the Board's order. The court of appeals reversed and remanded. 739 S.W. 2d 73. We reverse the judgment of the court of appeals and render judgment for United.

United filed its application with the State Banking Board in July of 1984. After due and proper notice of this filing, Allied, along with several other banks, filed a protest. On October 11 and 12, 1984, and again on July 9, 1985, hearings were conducted. At these hearings, testimony and evidence were presented by both the applicants and the protestants.

On December 12, 1985, the Board met to consider United's application. By a two-to-one vote, the Board approved the application, and in support of its conclusions of law, made the following ultimate findings of fact:

(1) A public necessity exists for the proposed bank;

(2) Their proposed capital structure is adequate;

(3) The proposed bank's anticipated volume of business is such as to indicate profitable operation;

(4) The proposed officers and directors have sufficient banking experience, ability and standing to render success of the proposed bank profitable; and

(5) The applicants are acting in good faith.

See TEX.REV.CIV.STAT.ANN. art. 342–305 (Vernon Supp.1988). Moreover, the Board stated these findings in statutory language. In so doing, the Board complied with TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 16(b) (Vernon Supp.1988) [hereinafter referred to as § 16(b)] which states that:

[a] final decision must include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings [set forth in statutory language]. . . .

*Id.* In *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446 (Tex.1984), this court established the standard to be employed by reviewing courts pursuant to § 16(b).

In *Charter Medical,* this court reviewed certain fact findings entered by the Texas Health Facilities Commission. In upholding the validity of the Commission's final order, this court analyzed those cases wherein § 16(b) and its requirements had been discussed. Based upon this extensive review, we held that an administrative agency's findings of fact, in order to comply with the mandates of § 16(b),

should be clear, specific, non-conclusory, and supportive of the ultimate statutory finding. Mere recitals of testimony or references to or summations of the evidence are improper. Such findings should be stated as the agency's findings. The findings should relate to material basic facts and should relate to the ultimate statutory finding that they accompany. In general, the findings of fact required by [§ 16(b)] should be sufficient to serve the overall purposes evident in the legislative requirement that they be made.

*Charter Medical,* 665 S.W.2d at 452. In spite of this pronouncement, we acknowledge that this court has "neither the right nor the authority to lay out a *precise* form of findings to be made" by administrative agencies. *Id.* (emphasis added).

■ This, however, is exactly what the court of appeals has done in the instant case. While the court's opinion purports to apply the standard from *Charter Medical,* a closer reading exposes a complete rejection of that standard. By dissecting the

Board's valid final order, and subjecting the selected component parts to a newly-minted, hypertechnical standard of review under § 16(b), the court of appeals has not only misapplied established precedent, it has invaded the Board's fact finding authority.

 The Board's order in this case is twenty four pages long. Eighteen pages are devoted to the underlying facts, in the form of evidence and testimony, which the Board relied upon to support its five ultimate findings. The Board's final order clearly satisfies the purposes behind § 16(b) in that it (1) indicated that the Board fully considered all of the evidence and facts, (2) informed Allied of the facts found so that it could intelligently prepare and present an appeal, and (3) assisted this court in *properly* exercising its function of reviewing the order. *Charter Medical*, 665 S.W.2d at 452 (citing *Miller v. Railroad Comm'n,* 363 S.W.2d 244, 245–46 (Tex. 1962)) (emphasis added).

Therefore, pursuant to TEX.R.APP.P. 133(b), a majority of this court grants United's writ of error, and without hearing argument in this case, reverses the judgment of the court of appeals and renders judgment for United.

KILGARLIN, J., not sitting.