Bernard WISHNOW d/b/a Wish's Club and Restaurant, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.

No. B14–87–00893–CV.

Court of Appeals of Texas, Houston (14 Dist.).

June 23, 1988.

Rehearing Denied Aug. 18, 1988.

Albert S. Low, Jr., Houston, for appellant.

JoAnne Bernal, W. Reed Lockhoff, Austin, for appellee.

Before Paul PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from an order of the district court affirming the Texas Alcoholic Beverage Commission's sixty day suspension of appellant's mixed beverage and late hours permits. We affirm.

Appellant's permits were suspended following a hearing before the TABC in which the hearing examiner determined that appellant, through his patrons and employees, had violated TEX.ALCO.BEV.CODE §§ 11.-61(b)(7) and 104.01(2) as well as TEX. PENAL CODE §§ 21.01, 21.07, 21.08, and § 4.03(a) and § 4.04(a) of the Controlled Substances Act. The bases for the hearing examiner's fact findings were events which occurred during several visits to Wish's Club in the summer of 1986 by TABC undercover agents. These events included incidents of indecent exposure by several patrons of the club and the possession, sale and delivery of cocaine to an agent by a club employee.

In challenging the order of the court, appellant raises seventeen points of error.

Points of error one through three allege that the provisions of the Alcoholic Beverage Code upon which the suspension is based are unconstitutionally vague and violative of due process because, when measured by common understanding and practices, they fail to give appellant fair notice of the conduct which they prohibit.

■ When addressing a challenge to the constitutionality of a statute, we must presume that the statute is valid and that the legislature did not act arbitrarily in enacting it. *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974). The burden is on the party challenging the statute to establish its unconstitutionality. *Id.*

In *Texas Liquor Control Board v. The Attic Club, Inc.,* 457 S.W.2d 41 (Tex.1970, Dism. 400 U.S. 986, 91 S.Ct. 459, 27 L.Ed. 2d 435), the Supreme Court addressed such a challenge to Rule and Regulation No. 56, promulgated by the Texas Liquor Control Board, under authority of Art 666–1 *et seq.* of the Texas Penal Code, the legislative predecessor of the statutes under attack in the instant case. In holding that the rule was not unconstitutional for vagueness, the court said, "Due process is violated only when a required course of conduct is stated in terms so vague that men of common intelligence must guess at what is required ... or, when there is a substantial risk of miscalculation by those whose acts are subjected to regulation." *Id.* at 45. Furthermore, in the field of regulatory statutes governing business activity, greater leeway is allowed in applying the fair notice test. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972).

The provisions of the Alcoholic Beverage Code attacked by appellant on grounds of vagueness read as follows:

§ 11.61

(b) The commission or administrator may suspend for not more than 60 days or cancel an original or renewal permit if it is found, after notice and hearing, that any of the following is true:

(7) the place or manner in which the permittee conducts his business warrants the cancellation or suspension of the permit based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency;

§ 104.01

No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

(2) the exposure of person or permitting a person to expose his person;

The question for this court is whether these statutes fail to give sufficient notice of the conduct which is proscribed. Appellant relies on *Pennington v. Singleton,* 606 S.W.2d 682 (Tex.1980) for the proposition that the Code fails to define key words and phrases, particularly "lewd, immoral, exposure of person, and offensive to public decency," sufficiently to convey definite warning. We note, however, that *Pennington,* a Deceptive Trade Practices case concerning the treble damages portion of that Act, insofar as it may apply to our case, holds that terms which are not defined "must be given their ordinary meanings." 606 S.W.2d at 687. The case goes on to point out that while Pennington based his challenge on the line of decisions holding that penal statutes must give fair notice of the conduct they prohibit,

in the field of regulatory statutes governing business activity, greater leeway is allowed in applying the fair notice test. (Citing *Papachristou, supra.*) ... Most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language. (Citation.) The statute should

'convey sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.' (Citation.) 606 S.W.2d at 689.

■ Appellant contends that because the Commission gives him the opportunity to pay a monetary penalty in lieu of suspension, Tex.Alco.Bev.Code § 11.64(a), the Code provision involved is actually penal in nature and thus subject to the certainty requirements of criminal statutes. We do not agree. First, the Supreme Court in *Pennington, supra,* rejected the argument that a provision for a civil penalty must be judged by the standards applied to criminal laws. 606 S.W.2d at 688, 689. Secondly, we note that the "fine" complained of on these grounds in the instant case is not *imposed* by the State but is merely offered as an alternative to suspension of one's permits under the Alcoholic Beverage Code. Appellant has the *option* of paying the fine to avoid suspension. He is not required to do so. Thirdly, while § 104.01 of the Code can be applied in either a civil proceeding or a criminal prosecution, in appellant's case, both this provision and § 11.61 were applied in an administrative proceeding and appellant faced no criminal charges. Therefore, it is appropriate that we test the challenged statutes by those standards applied to civil laws.

Finally, in *Lowe v. Texas Liquor Control Board,* 255 S.W.2d 252, (Tex.Civ.App.—Amarillo 1952, no writ), a case more factually on point with the case before us, appellant's package store permit was cancelled for a violation of Art. 666–12(6) of the Penal Code. The language of this article is almost identical to that of § 11.61(b)(7) at issue in our case, and Lowe attacked that language on the same grounds asserted here by Wishnow. In affirming the cancellation, the appellate court first pointed out that

[t]he holder of a package store permit ... is a mere licensee who accepts his permit subject to the authority of the board to cancel it for any violation of the statutes or of any rule or regulation which has been promulgated by the board .... Permits granted under the Act

are only personal privileges; they do not constitute property. (Citations.) The action of the Texas Liquor Control Board or its administrator cancelling a permit is not a criminal prosecution.... *Lowe* at 256–257.

*See also,* TEX.ALCO.BEV.CODE § 6.01(b).

■ Thus the administrative application of the law was controlling even though its origin was the Penal Code. Addressing the specific wording of the law, the *Lowe* court held that

[t]he terms used in Paragraph (6) of the Statute, which the appellant insists are vague and indefinite, have a well-accepted and understood meaning.... Therefore, where it is alleged that the permittee has conducted his business in a manner contrary to the general welfare, morals and safety of the people, so as to warrant the cancellation of his Package Store Permit, it is for the administrator, in the exercise of his discretion, to determine whether the alleged acts are such as ... [are] detrimental to the public good. *Id.* at 257.

In addition, several more recent cases have specifically upheld the constitutionality of the language used in § 11.61(b)(7). *See Thacker v. Texas Alcoholic Beverage Commission,* 474 S.W.2d 258, 260 (Tex.Civ. App.—San Antonio 1971, no writ) and *Morgan v. Texas Alcoholic Beverage Commission,* 519 S.W.2d 250, 253 (Tex.Civ.App.— Texarkana 1975, no writ) also holding that "as a general rule, constitutional due process applies to protect property rights but does not extend to privileges granted under the State's police power," citing *House of Tobacco, Inc. v. Calvert,* 394 S.W.2d 654 (Tex.1965).

■ As for § 104.01, appellant challenges the constitutionality of subsections (6) and (2). Section 104.01(6), was previously held unconstitutional by this court in *Texas Alcoholic Beverage Commission v. Wishnow* 704 S.W.2d 425 (Tex.App.—Houston [14th Dist] 1985, no writ). However, since subsection (6) was not relied upon by appellee in its order of suspension in this case, we do not consider it in reaching our decision. In regard to subsection (2), ap-

pellant acknowledges that this subsection has been specifically upheld by the Eastland court of appeals in a recent decision but suggests that the decision is erroneous. We do not find appellant's argument persuasive. In that criminal appeal, which requires a more rigorous scrutiny of the law than a civil action, the Eastland court distinguished several cases which had held other subsections of § 104.01 unconstitutional before holding that "indecent exhibition of the person meant an exposure of those parts of the person which are commonly considered as private, and which custom and decency require should be covered and kept concealed from public sight.... We accept that definition and hold that it is sufficiently definite. Consequently, Section 104.01(2) is not unconstitutionally vague. Appellant did not have to guess at the meaning of this statutory prohibition. The public exposure of one's vagina was a clear violation for which she may be punished." *Threet v. State,* 710 S.W.2d 98, 100 (Tex.App.—Eastland 1986, no pet.). Similarly, we hold that the public exposure of their genitals by patrons of appellant's club is a clear violation of the Alcoholic Beverage Code §§ 11.61(b)(7) and 104.01(2) which provide fair notice that such conduct is prohibited and may cause the cancellation or suspension of one's permits. Accordingly, appellant's first three points of error are overruled.

In point of error four, appellant challenges the constitutionality of sections 21.-01 and 21.07 of the Texas Penal Code as being vague and unenforceable. Acknowledging that this court has recently upheld the constitutionality of these provisions in *Balash v. State,* appellant asks that we reconsider the rationale in the dissent filed by Justice Brown in that case. In *Balash* we specifically held that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Balash v. State,* 720 S.W.2d 878, 879 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). After noting that the appellant's acts were similar to those which previously have been found to violate public

lewdness statutes, we held that sections 21.01 and 21.07 of the Penal Code were not vague in their application to the conduct at issue in the case. Justice Brown's dissent was narrowly limited to the facts of the case and the isolated issue of proof of "intent to arouse or gratify the sexual desire of any person" as required to be shown by the statute. The element of intent is not at issue here and the dissent therefore has no relevance to the case at hand. On the contrary, the acts by patrons of Wish's Club, which involved far more blatant sexual contact than did those of Ms. Balash, clearly come within the conduct prohibited by the Penal Code. Appellant's fourth point of error is overruled.

■ Appellant's points of error five through sixteen challenge the sufficiency of the evidence to support the TABC hearing examiner's findings. The standard for review of the evidence in support of an administrative agency's decision is the substantial evidence test. Tex.Rev.Civ.Stat. Art. 6252–13a, § 19(e), and Section 11.67 of the Alcoholic Beverage Code require that any appeal from an order of the Commission is to be governed by this rule. The substantial evidence rule is designed to discourage courts from administering regulatory statutes enacted by the legislature. *Lewis v. Metropolitan Savings & Loan,* 550 S.W.2d 11, 13 (Tex.1977). The court may not invade the fact finding authority of the agency. *State Banking Board v. Allied Bank Marble Falls,* 748 S.W.2d 447 (Tex.1988) *per curiam.* Nor may the court substitute its judgment for that of the administrative agency but instead, it may only determine whether the contested order is reasonably supported by substantial evidence. *Auto Convoy Company v. Railroad Commission of Texas,* 507 S.W.2d 718, 722 (Tex.1974). Where there is substantial evidence which would support either affirmative or negative findings, the decision of the agency must be upheld. *Texas Health Facilities Commission v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984); *Civil Service Commission v. Clemmer,* 754 S.W.2d 242, 244–45 (Tex.App.—Houston [1st Dist.] 1988). Substantial evidence is more than a mere scintilla, yet less than a preponderance. In fact, the evidence may actually preponderate against the agency's decision but nonetheless amount to substantial evidence. *Texas Health* at 452. The findings and decisions of an administrative agency are presumed to be supported by substantial evidence and the burden is on the contestant to prove otherwise. *Id.* at 453. To sustain his burden under this standard, the appellant must show that no substantial evidence existed at the time of the hearing to support the order. *N.J.R., Inc. v. Texas Alcoholic Beverage Commission,* 494 S.W. 2d 235, 236 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ).

■ While he offered little or no evidence at trial to rebut the occurrence of the alleged violations, appellant challenges the sufficiency of the evidence with the argument that he could not see and did not know that the prohibited conduct was occurring and therefore cannot be held to have "permitted" it. He relies on *Texas Alcoholic Beverage Commission v. J. Square Enterprises,* 650 S.W.2d 531 (Tex. App.—Dallas 1983, no writ) for the proposition that the commission was required to prove appellant had actual knowledge of the violations of the Code. This argument fails for several reasons. First, the proper test of whether a permittee "permits" certain conduct is not his actual observation or knowledge of the violations but rather whether he *knew or should have known* of them. While the *J. Square* case, cited by appellant in a post-submission brief, does require a showing of the permittee's actual knowledge of the alleged offenses, that case deals with § 106.13 of the Code and is not applicable to appellant's case. Section 106.13 makes it an offense to *knowingly* sell an alcoholic beverage to a minor or to *knowingly* permit a minor to consume alcohol on the premises. Because the statute affirmatively requires a showing of knowledge and the Commission had made no such showing, the district court's reversal of the suspension of appellant's license was properly upheld. In the instant case, however, the Commission's order was based on statutes which do not affirmatively require

a showing of actual knowledge. Case law construing those statutes holds that except in criminal prosecutions, the "knew or should have known" standard is appropriate. *Bradley v. Texas Liquor Control Board,* 108 S.W.2d 300 (Tex.Civ.App.—Austin 1937, no writ); *Texas Liquor Control Board v. Johnson,* 298 S.W.2d 227 (Tex.Civ.App.—Fort Worth 1957, no writ).

Furthermore, the Alcoholic Beverage Code holds a permittee responsible for supervising the premises, and appellant's own testimony at the TABC hearing emphasized the strict control he claims to exert over his establishment and the operation of his business. Appellant is proud of his personal supervision of his club, pointing out that in the seventeen years of his operation he has been absent on a weekend only eight times. He stated that he has absolute control over who gets into the club and their seating arrangements. He observes the entire club from his podium at the front door and walks around the premises as well. Even on very crowded nights he monitors and strictly prohibits the movement of patrons from the bar stool area which is reserved for singles to the tables area which is for couples as singles are not allowed to dance with or mingle with the couples. Appellant's supervision and control of his employees include his requirement that they notify him each time they leave the floor to go outside or to the bathroom. Even his wife, who works with him in the club, is subject to this requirement. Appellant also claims that he and his employees routinely check the parking lot for loiterers and other suspicious people and they watch single women to be sure they reach their cars safely.

Finally, appellant admits that Wish's Club is a bar for "swingers" which term, he further admits, refers to mate-sharers or spouse-swappers. The club actually prints and distributes to patrons a statement of this purpose which suggests that "if the concept of swinging offends a person, that person should seek other places for entertainment." Since the stated purpose of the club is sexually oriented, whether couples are technically intended to meet for on premises sexual contact or simply to arrange for subsequent off premises liasons, appellant is charged with notice of the potential for the type of sexual activity which was found by the TABC to have occurred. His defense that he did not see the actual acts of exposure complained of is no defense at all.

As for the delivery of cocaine, appellant relies on his lack of actual knowledge and on the further argument that one delivery at least took place on the sidewalk outside the club and thus was not permitted by appellant "on the premises." Section 11.49(a) of the Code includes as premises "the grounds" and "any adjacent premises if they are directly or indirectly under the control of the same person" unless specifically designated by applicant to be excluded under § 11.49(b)(1). Appellant has established by his own testimony that he frequently and routinely monitored activity in the parking lot of the club. The individual charged with delivery of cocaine was employed as a "doorman" whose primary duty it was to work the front door and monitor the area adjacent thereto. Thus the sidewalk area would be considered part of the premises for the purposes of the administrative hearing.

We find that there was substantial evidence to support the administrative order. Appellant's points of error five through sixteen are overruled.

In his final point of error appellant alleges that the district court erred in affirming the order of suspension because the order was based upon evidence which was admitted in violation of the doctrines of administrative res judicata, collateral estoppel or laches. We find no error on these grounds.

While the challenged evidence was not considered by the hearing officer as independent grounds in support of the suspension, it was admitted on a limited basis in support of charges XXIV and XXV, that the place or manner in which appellant conducts his business warrants suspension based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency. Specifically, the evidence was considered as relevant

to the past history of the permittee which TABC alleged shows a pattern of promoting and condoning morally corrupt conduct on his licensed premises.

■ Appellant argues that because the Commission knew of the evidence when it earlier renewed appellant's permits, consideration of it in this proceeding was improper and mandates reversal. This argument is not persuasive. While the evidence at issue may not have been sufficient grounds for denial of a permit at some earlier time, it is illogical to assert that such evidence along with whatever violations subsequently occurred could not be considered in a review of the past history and pattern of operation of appellant's business. This evidence along with evidence of prior suspensions of appellant's permits was relevant to charges XXIV and XXV and was properly considered by the hearing examiner. *Thacker v. Texas Alcoholic Beverage Commission*, 474 S.W.2d at 261. Appellant's seventeenth point of error is overruled.

The judgment of the district court affirming the Texas Alcoholic Beverage Commission's suspension of appellant's permits is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the Court, I record my respectful dissent. I would sustain appellant's first three points of error and reverse the judgment of the district court.

While I express no opinion as to the culpability of Mr. Wishnow and I do not condone the violations alleged to have been committed by him, I believe the law should more specifically inform a permittee of the conduct which is proscribed by the Code and for which his permits may be cancelled or suspended. Accordingly, I would hold that §§ 11.61(b)(7) and 104.01(2) of the Alcoholic Beverage Code are unconstitutionally vague and overbroad because they fail to define key words or phrases so as to provide a sufficiently definite warning to the permittee as to the proscribed conduct. *Texas Alcoholic Beverage Commission v. Wishnow*, 704 S.W.2d 425 (Tex.App.— Houston [14th Dist.] 1985, no writ). The

broad interpretations given such words and phrases as "lewd", "immoral", "offensive to public decency", "the exposure of person", and "permitting a person to expose his person" make it virtually impossible for a permittee to follow with any certainty the mandates of the Code provisions. For this reason I would reverse the judgment of the district court and set aside TABC's administrative order suspending appellant's permits.