Affirmed and Memorandum Opinion
filed March 11, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00923-CV



Patrick N.
Sweeney, Appellant 

v.

Dyncorp
International, LLC, Appellee 



On Appeal from
the County Civil Court at Law No. 1

Harris County, Texas

Trial Court
Cause No. 915343



 

MEMORANDUM OPINION 

Appellant Patrick N. Sweeney appeals the trial
court’s decision to uphold the Texas Workforce Commission’s ruling denying
Sweeney’s claim of an unpaid bonus.  Sweeney argues that (1) there was not
substantial evidence to support the Texas Workforce Commission’s conclusion,
and (2) the trial court erred by allowing appellee Dyncorp International, LLC
to invoke a state-secrets privilege during Sweeney’s cross examination of
appellee’s sole witness.  We affirm.

I

            Worldwide
Recruiting & Staffing Services, LLC (“Worldwide”) recruited Patrick N. Sweeney
to work as a border-security advisor in Iraq for Dyncorp International, LLC
(“Dyncorp”).  The written job description stated a one-time bonus of $25,000 would
be given to “every successfully deployed candidate . . . to be paid after
arrival in Iraq.”  In a letter dated April 24, 2007, Worldwide informed Sweeney
that his employment with Dyncorp was contingent on meeting all of Dyncorp’s
requirements for deployment.  Sweeney worked for Dyncorp from April 29, 2007,
to May 12, 2007, during which he was undergoing an assessment process.  

            During the
assessment process, Dyncorp amended its bonus eligibility.  The U.S. State
Department had changed its requirements for recruits deploying to Iraq, and not
all of Dyncorp’s new recruits met the changed requirements.  Dyncorp,
therefore, decided to give a $25,000 bonus to its recruits who were eligible to
be deployed even if the new hires were not actually deployed to Iraq.  The
eligibility requirements for the new bonus were the same as for the deployment
bonus.  Sweeney was not eligible to be deployed because of an unsatisfactory
background check, and he was informed on May 12, 2007, that he did not qualify
for employment.  

            Sweeney filed a
claim with the Texas Workforce Commission (“TWC”), contending Dyncorp promised
to remit, but failed to pay the bonus, violating the Texas Payday Law.  TWC
found Sweeney was not entitled to the bonus because evidence showed he did not
successfully complete Dyncorp’s employment assessment.  Sweeney then appealed
TWC’s decision to the Harris County Court at Law No. 1.  After hearing the
evidence, the trial court issued an order in favor of Dyncorp, finding there
was substantial evidence to support TWC’s decision.  This appeal followed. 

II

            In his brief,
Sweeney argues the trial court erred by determining there was substantial
evidence to support TWC’s decision.  He contends substantial evidence cannot be
based on uncorroborated hearsay or rumor, TWC’s testimony was at variance with
his physical evidence (his timesheets), and the trial court did not comply with
section 61.062(e) of the Texas Labor Code.  Dyncorp argues that evidence introduced
at trial demonstrates that there were facts in existence at the time of the
administrative ruling to reasonably support the decision.   

            TWC’s final
decision can be judicially reviewed in accordance with section 61.062 of the
Texas Labor Code.  Tex. Labor Code Ann. § 61.062 (Vernon 2006); New Boston
Gen. Hosp., Inc. v. Tex. Workforce Comm’n, 47 S.W.3d 34, 36 (Tex.
App.—Texarkana 2001, no pet.).  Section 61.0162(e) provides: “An appeal under
this subchapter is by trial de novo with the substantial evidence rule being
the standard of review in the manner as applied to an appeal from a final
decision . . . .”  Tex. Labor Code Ann. § 61.062(e).  The substantial evidence
rule discourages courts from overseeing regulatory statutes that the Texas Legislature
enacts.  Wishnow v. Tex. Alcoholic Beverage Comm’n, 757 S.W.2d 404, 409
(Tex. App.—Houston [14th Dist.] 1988, writ denied).  “At its core, the
substantial evidence rule is a reasonableness test or a rational basis test.”  City
of El Paso v. Pub. Util. Comm’n, 883 S.W.2d 179, 185 (Tex. 1994) (citing R.R.
Comm’n v. Pend Oreille Oil & Gas Co., 817 S.W.2d 36, 41 (Tex. 1991)).  The
substantial evidence standard gives deference to an agency’s expertise and
decisions.  See R.R. Comm’n v. Torch Operating Co., 912 S.W.2d 790, 792
(Tex. 1995).  

We review the reasonableness of the agency’s order,
not necessarily the correctness of its decision.  City of El Paso, 883
S.W.2d at 185.  “An administrative decision is reasonably supported by
substantial evidence if the evidence as a whole is such that a reasonable mind
could have reached the same conclusion the judge reached in order to justify
his decision.”  Garza v. Tex. Alcoholic Beverage Comm’n, 138 S.W.3d 609,
613 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  When reviewing the
agency’s decision, we are not allowed to substitute our judgment for the
agency’s judgment.  Wishnow, 757 S.W.2d at 409; see Garza, 138
S.W.3d at 613.  Even though substantial evidence is more than a mere scintilla,
the evidence in the agency record may actually preponderate against the
agency’s decision, yet still equate to substantial evidence.  See Garza,
138 S.W.3d at 613; Entergy Gulf States, Inc. v. Pub. Util. Comm’n, 112
S.W.3d 208, 218 (Tex. App.—Austin 2003, pet. denied).  TWC’s decision is
presumed valid, and the party seeking to set aside the agency decision has the
burden to prove the decision was not supported by substantial evidence.  New
Boston Gen. Hosp., Inc., 47 S.W.3d at 37; see Wishnow, 757
S.W.2d at 409.  

            In this case,
there is evidence in the record to support TWC’s conclusion that Sweeney was
not entitled to the $25,000 bonus because he did not successfully complete
Dyncorp’s employment assessment.  In its relevant findings of fact, TWC concluded:

(1)             
The claimant was recruited to work as a Border Security Advisor in      Iraq
if he met all the employer’s requirements for deployment.  During the
claimant’s employment, he was going through the employer’s assessment process. 


(2)             
According to a written job description, a one-time $25,000.00 bonus
would be paid to “every successfully deployed candidate . . . to be paid after
arrival in Iraq.”

(3)             
In addition, the employer agreed to pay the $25,000.00 bonus to all
employees who successfully completed its assessment process, but did not go to
Iraq because the U.S. State Department changed some of its qualifications for
the job.

(4)             
The claimant was terminated on May 12, 2007 as not qualified for
employment in Iraq due to [an] unsatisfactory background investigation.

(5)             
Since the claimant did not complete the employer’s assessment process,
the claimant was not paid the bonus.

In its relevant conclusions,
TWC determined:

(1)             
The employer testified that the claimant did not successfully complete
its assessment process and thus, was not eligible for employment in Iraq.  The
employer testified that U.S. State Department authorization was just one part
of its [the employer’s] qualification process, and that the claimant did not
pass its background investigation.  In addition, the employer stated that it
did pay employees who successfully completed the assessment process, but were
unable to go to Iraq because the State Department changed some of its [State
Department] qualifications for the job.

(2)             
The evidence showed that the employer agreed in writing, to pay a
one-time $25,000.00 bonus to every candidate successfully deployed to Iraq as a
Border Security Advisor.  The evidence also showed that at a later time, the
employer decided to pay the bonus to employees who were eligible to deploy but
could not because the State Department changed some of its requirements.  In
addition, the evidence showed that several conditions had to be met to
successfully complete the employer’s assessment and become eligible to deploy. 
The evidence showed that the claimant did not successfully complete the
employer’s assessment, and thus was not deployed as a Border Security Advisor. 
After considering the evidence, this hearing officer concludes that the
claimant is not entitled a bonus from this employer under the Texas Payday
Law.  

At trial, the only two
witnesses to testify were Sweeney and Jas Gill, program-support manager for
Iraq CIVPOL for Dyncorp.  Sweeney argues that Gill’s testimony constitutes
uncorroborated hearsay or mere rumor, and that the testimony is at variance
with his timesheets indicating he earned the $25,000 bonus.  At trial, Gill
explained Dyncorp’s administrative assistants routinely complete a new
recruit’s paperwork without knowing whether the recruit is eligible for the
$25,000 bonus.  Gill testified Sweeney’s timesheet included the $25,000 sign-on
bonus as an earmark in case he was eligible to earn the bonus.  Sweeney testified
the timesheets were evidence that Dyncorp owed him the $25,000 bonus.  Although
Sweeney contends Gill’s testimony is mere rumor, TWC “determines the meaning,
weight, and credibility to assign conflicting evidence.”  See County
of Reeves v. Tex. Comm’n on Envtl. Quality, 266 S.W.3d 516, 528 (Tex.
App.—Austin 2008, no pet.).  We will not disturb the agency’s decision simply
because there was conflicting and disputed testimony.  Id. (citing Firemen’s
& Policemen’s Civil Serv. Comm’n v. Brinkmeyer, 662 S.W.2d 953, 956
(Tex. 1984)).

            Additionally,
Gill testified Sweeney did not pass all the requirements to deploy.  She stated
Sweeney had met all of the job requirements, but he failed one portion of the
assessment process—the background check.  Accordingly, Sweeney did not meet
Dyncorp’s eligibility requirements; hence, he was not eligible to receive the
$25,000 bonus.  The evidence is such that reasonable minds could have reached
the same conclusion as TWC.  Because there is substantial evidence to support TWC’s
decision, we overrule Sweeney’s first issue.

III

              Sweeney also contends
the trial court erred by allowing Dyncorp to invoke a state-secrets privilege
during Sweeney’s cross examination of Gill.[1] 
Dyncorp claims it did not assert a state-secrets privilege; it merely objected
to Sweeney’s question on the basis of relevance.  Additionally, Dyncorp argues
Sweeney has not proven that the court abused its discretion in sustaining the
relevancy objection.  See In re J.P.B., 180 S.W.3d 570, 575 (Tex.
2005) (per curiam) (discussing that a trial court’s exclusion of evidence is
reviewed using an abuse-of-discretion standard); In re Kay, 273 S.W.3d
703, 709–10 (Tex. App.—Houston [14th Dist.] 2008, no pet.). 

When Sweeney asked Gill why he did not pass the
background check, Dyncorp objected to relevance.  Even though Dyncorp also
stated the testimony was “getting dangerously close to classified information,”
it explained to the court that TWC only heard evidence that Sweeney failed the
background check, not the reason why he failed.  Dyncorp, therefore, argued the
reason why Sweeney failed was outside the scope of the current appeal.  The
court stated, “[T]he test is not whether or not [Dyncorp’s] background check
was properly done, but . . . whether or not the lower court made an appropriate
decision.”  The court then sustained the objection, but allowed Gill to
generally answer that she discovered information about Sweeney during his
background check that made him ineligible for deployment.  We conclude
Dyncorp’s objection concerned relevance and not a state-secrets privilege.  The
trial court did not abuse its discretion in sustaining the objection;
therefore, we overrule Sweeney’s second issue.           

*
* *

For
the foregoing reasons, we affirm the trial court’s judgment.

   








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Seymore,
and Brown.

 









[1]
A state-secrets privilege is a common-law privilege that allows the government
to withhold information relating to military, intelligence-gathering,
diplomatic, and other similar matters.  See United States v. Reynolds,
345 U.S. 1, 6–7 (1953); Ellsberg v. Mitchell, 709 F.2d 51, 56–57 (D.C.
Cir. 1983).